Collins v. Martella                      CV-92-529-B    08/11/93

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

Sean Collins

    v.                                   Civil No. 92-529-B

Peter Martella, et al.


_____ **O R D E R**


     Like most other states,[1] New Hampshire has "recreational
use" laws limiting the common law liability of certain owners and
occupants who make their property available for recreational use
by others.  In the present case, Sean Collins has sued the owners
and managers of a private beach to recover for injuries suffered
when he dove into shallow water from a dock installed at the
beach.  Several of the defendants have moved for summary judgment
claiming the protection of the recreational use laws.  The
success of these motions depends upon:  (i) whether the
recreational use statutes are inapplicable because the beach was

_____

     [1]See Klepper v. City of Milford, 825 F.2d 1440, 1444 (10th
Cir. 1987) ("Similar legislation has been enacted in nearly all
of the fifty states"); see also Robin Cheryl Miller, Effect of
Statute Limiting Landowner's Liability for Personal Injury to
Recreational User, 47 A.L.R. 4th 262 (1986).

developed land that was not open to the general public; (ii) whether any of the defendants willfully disregarded a dangerous condition that resulted in Collins' injuries; and (iii) whether either "consideration" or a "charge" was paid for access to the beach.

For the reasons that follow, I hold that the recreational use laws are applicable here. Accordingly, I grant defendants' motions for summary judgment.

## I.  FACTS

On August 5, 1989, Collins was invited by his cousin to swim at the Cobbett's Pond Park beach. The injuries giving rise to this action occurred when Collins dove from a dock at the beach into shallow water and broke his neck.

Title to the beach is held by the Cobbett's Pond Community Trust ("Trust"). The beneficiaries of the Trust are the residents of Cobbett's Pond Park, all of whom also have a deeded right of access to the beach. Defendants William Donovan, William Benkoski, and Oliver Tarr were appointed trustees of the Trust in 1958. Although the trustees have not been involved in the management of the beach for several years, the Trust has not been formally dissolved. Nor have any of the defendants been

2

replaced as trustees.

When Collins was injured, the beach was managed by an unincorporated association known as The Community Group of Cobbett's Pond, Inc. ("Association"). Although the Association at one time had been an active New Hampshire corporation, the corporation was dissolved in 1977 and was not reinstated until 1992. Membership in the Association was limited to residents of Cobbett's Pond Park. The Bylaws of the Association required members to pay annual dues and stated that membership privileges would be revoked if dues were not paid.

The Association was responsible for setting up and maintaining the dock Collins dove from when he was injured. The Association was also responsible for establishing and enforcing beach rules. The beach was posted as a private beach and only residents of Cobbett's Pond Park and their guests were allowed to use it.

## II. DISCUSSION

New Hampshire has two recreational use statutes that may limit the liability of the defendants in this case. N.H. Rev. Stat. Ann. ("RSA") § 212:34 (1989) provides in pertinent part:

3

I. An owner, lessee or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, trapping, camping, water sports, winter sports or OHRVs as defined in RSA 215-A, hiking, sightseeing, or removal of fuelwood, or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purposes, except as provided in paragraph III hereof. . . .

III.  This section does not limit the liability which otherwise exists:

   (a) For willful, or malicious failure to guard or warn against a dangerous condition, use, structure, or activity; or

   (b) For injury suffered in any case where permission to hunt, fish, trap, camp, hike, use for water sports, winter sports or use of OHRVs as defined in RSA 215-A, sightsee, or remove fuelwood was granted for consideration other than the consideration, if any, paid to said landowner by the state . . . .

RSA 508:14 (Supp. 1992) provides in pertinent part:

I. An owner, occupant, or lessee of land, including the state or any political subdivision, who without charge permits any person to use land for recreational purposes or as a spectator of recreational activity, shall not be liable for personal injury or property damage in the absence of intentionally caused injury or damage.

The trustee defendants have been sued in their capacity as owners of the beach, and the Association defendants have been

4

sued as occupants. Because Collins was injured while engaged in a "water sport" within the meaning of RSA 212:34 and a "recreational use" within the meaning of RSA 508:14, the defendants claim that they are entitled to invoke both recreational use statutes.[2]

Collins attacks these arguments from several perspectives. First, he contends that the recreational use statutes only protect owners of large, undeveloped tracts of land who make their property available to the general public. Since the beach, in contrast, is a developed tract of land that is open only to members of Cobbett's Pond Park and their guests, Collins argues that the statutes are inapplicable. Second, Collins contends that a factual dispute exists as to whether any of the defendants willfully caused his injuries. Accordingly, he argues that the applicability of the recreational use laws cannot be determined

---

[2]Plaintiff half-heartedly argues that RSA 580:14 is inapplicable here because he was injured in the water rather than on land. Although the court in Kanter v. Combustion Engineering, 701 F. Supp. 943, 946 (D.N.H. 1988) declined on this basis to apply RSA 508:14 to claims brought on behalf of two men who drowned while swimming and canoeing at the base of a dam, that case is distinguishable because Collins was injured while diving from a dock attached to the land owned and operated by the defendants, whereas the plaintiffs in Kanter did not gain access to the water from the defendant's property.

through a motion for summary judgment.  Finally, Collins argues

that both statutes are inapplicable because the dues paid by the

Association members and the payments Cobbett's Pond Park

landowners made to purchase their lots constitute both

"consideration" under RSA 212:34 and a "charge" under RSA 508:14.

I address each argument in turn.[3]

> A.    Do the Recreational Use Statutes Apply Only to Large, Undeveloped Tracts of Land That Are Open to the General Public?

Collins cites various cases in other jurisdictions for the

---

[3]In assessing the parties' motions, I apply the following principles.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A "genuine" issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); accord Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990).  A "material" issue is one that "affect[s] the outcome of the suit . . . ." Anderson, 477 U.S. at 248.  The burden is upon the moving party to aver the lack of a genuine, material factual issue, Finn v. Consolidated Rail Corp., 782 F.2d 13, 15 (1st Cir. 1986), and the court must view the record in the light most favorable to the non-movant, according the non-movant all beneficial inferences discernable from the evidence. Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988).  If a motion for summary judgment is properly supported, the burden shifts to the non-movant to show that a genuine issue exists. Donovan v. Agnew, 712 F.2d 1509, 1516 (1st Cir. 1983).

proposition that recreational use statutes are applicable only to large, undeveloped tracts of land that are open to the general public.  See Hallacker v. National Bank & Trust Co. of Gloucester, 806 F.2d 488, 491 (3rd Cir. 1986); Miller v. United States, 597 F.2d 614, 617 (7th Cir. 1979); Wyner v. Holmes, 412 N.W. 2d 216, 217 (Mich. 1987).  Although I accept Collins' contention that New Hampshire's recreational use statutes should be narrowly construed because they are in derogation of the common law, see, e.g., Kanter v. Combustion Eng'g, 701 F. Supp., 943, 946 (D.N.H. 1988); State v. Hemsdorf, 135 N.H. 360, 363 (1992), I will not read into these statutes a limitation that the legislature left out.  Unlike similar statutes in other jurisdictions and the model recreational use statute proposed by the Council of State Governments, the New Hampshire recreational use statutes do not contain any language suggesting a requirement that the land at issue must be either undeveloped or open to the general public.  Compare RSA 508:14 and 212:34 with Conn. Gen. Stat. § 52-557(g)(a) ("an owner of land who makes all or any part of the land available to the public . . . owes no duty of care . . . . ") and The Council of State Governments, Public Recreation on Private Lands: Limitations on Liability, Suggested State Legislation, Volume XXIV (1965) ("the purpose of this act is to

7

encourage owners of land to make land and water areas available to the public for recreational purposes . . . ."). Accordingly, Collins cannot rely on this argument to avoid summary judgment.

B. Did Any of Defendants Wilfully Cause the Plaintiff's Injuries?

An owner or occupant may not invoke RSA 212:34 if plaintiff's injury was caused by a "willful" or "malicious" failure to warn or guard against the activity that resulted in the injury. Collins argues that a factual dispute exists as to whether the defendants in this case acted wilfully. Accordingly, he contends that the applicability of RSA 212:34 cannot be determined through a motion for summary judgment.

RSA 212:34 does not define "willfully," and the New Hampshire Supreme Court has not yet determined what the word means in the context of this statute. However, when interpreting RSA 275:42 IV, which provides for liquidated damages against an employer who "willfully and without good cause" failed to pay wages within 72 hours of discharging an employee, the Court defined "willfully" as "a voluntary act committed with an intent to cause its results." Ives v. Manchester Subaru, Inc., 126 N.H. 796, 801 (1985) (citation omitted); see also Appeal of New Hampshire Sweepstakes Comm'n, 130 N.H. 659, 664 (1988)(declaring

8

that "willful" is synonymous with intentional or deliberate).

Collins argues for a somewhat more expansive definition of willfully. Specifically, he urges the adoption of the definition used by the Ninth Circuit Court of Appeals when it construed California's recreational use statute. Under the California statute, the Ninth Circuit determined that landowners will be found to have acted willfully if they acted with "(1) actual or constructive knowledge of the peril to be apprehended; (2) actual or constructive knowledge that injury was is a probable, as opposed to possible, result of the danger; and (3) conscious failure to avoid the peril." Spires v. United States, 805 F.2d 832, 834 (9th Cir. 1986) (citing Cal. Civ. Code § 846 (West 1985)).

Even using the Ninth Circuit's definition, Collins has presented insufficient evidence of willfulness to allow this issue to be decided by a jury. Collins notes that the dock was installed in shallow water and from this fact alone asks the court to infer that one or more of the defendants consciously disregarded a probability that someone would be injured by diving from the dock. I decline to accept this argument. At best, such evidence establishes a basis for Collins' claim that the defendants were negligent. It is simply insufficient, standing

9

alone, to establish the existence of a genuine dispute as to whether defendants had actual knowledge that an injury such as the one Collins suffered was a probable result of the installation and use of the dock.

C.   Was Either "Consideration" or a "Charge" Paid for Access to the Beach?

Collins argues that dues paid by members of the Association and the payments made by residents of the Park when they purchased their lots constitute "consideration" under RSA 212:34 and a "charge" under RSA 508:14.  I find neither argument persuasive.

Although Collins contends that residents of the Park were required to pay dues to the Association in order to use the beach, he has failed to point to any evidence to support this claim.  The deed conveying the beach to the Trust provides that the beach "is to be kept open forever for the benefit of lot owners and their guests."  None of the documents produced by either side suggest that access to the beach may be denied to lot owners who fail to pay dues to the Association.  Although the Bylaws of the Association provide that a failure to pay dues will result in the suspension of membership privileges, access to the beach is a right which residents of Cobbett's Pond Park enjoy

10

whether or not they are members of the Association.  Accordingly, the payment of Association dues cannot be either consideration or a charge paid in exchange for access to the beach.  Cf. Simchuk v. Angel Island Community Ass'n, 253 Mont. 221, 226, 833 P.2d 158, 161 (1992) (dues charged by Homeowners Association for access to recreational areas managed by the Association constitutes consideration barring application of recreational use statute to claim brought by an injured guest of a member of the association).

While it is undisputed that access to the beach is limited to residents of the Park and their guests, I also cannot accept Collins' argument that the price paid to purchase a lot in the Park constitutes either consideration or a charge for access to the beach.  If the price paid to become an owner of property devoted in part to recreational uses also constitutes consideration for access to the property that prevents the owner from invoking the recreational use statutes, the statutes would be rendered meaningless because every owner would be deemed to have paid consideration for access to the property by virtue of having paid to purchase the property.  The New Hampshire Supreme Court would not interpret these exceptions so broadly as to render the statutes meaningless.  New England Brickmaster, Inc.

v. Salem, 133 N.H. 655, 663 (1990).  Moreover, I see no reason why a different result would apply here simply because the landowners paid for a deeded right of access rather than an ownership interest in the beach.

Finally, even if payments made to purchase a lot with deeded access rights to the beach could in some sense be deemed consideration or a charge for access to the beach, such payments do not render the recreational use statutes inapplicable because none of the defendants benefitted from the payments.  The obvious purpose of the consideration and charge exceptions is to prevent owners and occupants of property from avoiding liability for their own negligence if they receive a benefit in exchange for making their property available for recreational uses by others.  This purpose is not served by denying owners and occupants the protection of the recreational use statutes simply because a benefit is paid to an unconnected third party.  Accordingly, Collins cannot rely on the consideration and charge exception to avoid the application of the recreational use statutes.

## I.   CONCLUSION

Defendants have demonstrated both that no material facts are in genuine dispute and that they are entitled to judgment as a

12

matter of law.  Accordingly, Defendants' Motions for Summary Judgment (document nos. 17 and 20) are granted.  The Clerk's Office is directed to enter judgment in accordance with this Order.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

August 11, 1993

cc:   Arthur O. Gormley, III, Esq.
      Jeffrey N. Roy, Esq.
      Christine Friedman, Esq.
      Thomas G. Ferrini, Esq.
      Robert C. Dewhirst, Esq.
      Dort S. Bigg, Esq.