Hillsborough-northern judicial district
No. 93-833

## MARK LORETTE

v.

## PETER-SAM INVESTMENT PROPERTIES & a.

September 19, 1995

*McDowell and Mekeel, P.A.*, of Manchester (*Joseph F. McDowell, III* and *Mark D. Morrissette* on the brief, and *Mr. McDowell* orally), for the plaintiff.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Robert C. Dewhirst* on the brief and orally), for the defendants.

THAYER, J. The plaintiff, Mark Lorette, sued the defendants, Peter-Sam Investment Properties and its individual partners, for damages arising from injuries he sustained while he was riding a dirt bike on the defendants' property. The defendants moved for summary judgment, arguing that RSA 215-A:34, II (1989) barred the plaintiff's suit. The Superior Court (*Groff*, J.) granted the defendants' motion. We affirm in part and remand.

The plaintiff alleged that on May 19, 1991, he and Danny Bergeron were riding dirt bikes along the sand dunes on the defendants' property when they accidentally drove off a twenty foot cliff. The cliff had been created during excavations of sand and gravel authorized by the defendants. The plaintiff alleged that the excavation activities had created an unreasonably dangerous condition that caused his injuries. The trial court ruled that the sand embankment was a variation in terrain entitling the defendants to immunity under RSA 215-A:34.

On appeal, the plaintiff contends that: (1) RSA 215-A:34 does not apply to an abandoned commercial excavation pit; (2) RSA 215-A:34 confers immunity only when land has been properly posted; (3) RSA 215-A:34, II violates equal protection; and (4) RSA 215-A:34 does not immunize the defendants from all claims.

In determining whether a motion for summary judgment was properly granted, we review the evidence presented to the trial court and "all inferences properly drawn from [the evidence], in the light most favorable to the plaintiff. If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the court must grant summary judgment." *Dwire v. Sullivan*, 138 N.H. 428, 430, 642 A.2d 1359, 1360 (1994) (citation omitted). Because the defendants do not dispute the plaintiff's factual allegations on appeal, we address only whether the defendants are entitled to judgment as a matter of law.

Chapter 215-A regulates the use of off-highway recreational vehicles (OHRVs). A 1985 amendment enacted RSA 215-A:34, II, which provides that "each person who drives or rides an OHRV accepts, as a matter of law, the dangers inherent in the sport, and shall not maintain an action against an owner, occupant, or lessee of land for any injuries which result from such inherent risks, dangers, or hazards." It then lists examples of risks assumed by the OHRV user, which include, but are not limited to, the following:

> variations in terrain, trails, paths or roads, surface or subsurface snow or ice conditions, bare spots, rocks, trees, stumps, and other forms of forest growth or debris, structures on the land, equipment not in use, pole lines, fences, and collisions with other operators or persons.

RSA 215-A:34, II.

The plaintiff first argues that RSA 215-A:34, II immunizes commercial users of land only when they maintain the land in a relatively natural state. This argument fails for two reasons. First, RSA 215-A:34 does not distinguish between commercial and non-commercial users; rather, it applies to "an owner, occupant, or lessee of land" without qualification. Second, the statute explicitly classifies as assumed risks things such as structures on the land, pole lines, and fences; a "natural state" therefore cannot be inferred as a requirement for immunity.

The plaintiff also argues that an abandoned pit is not an "inherent danger" in the sport of OHRV use. Specifically, he argues that the trial court erred in finding that the excavation pit is a "variation in terrain" under RSA 215-A:34, II. He asserts that the

legislature intended "variations in terrain" to mean only natural variations or man-made variations similar to natural variations. "To determine the meaning of a statute, we first look to see if the language used is clear and unambiguous." *N.E. Brickmaster v. Town of Salem*, 133 N.H. 655, 658, 582 A.2d 601, 602 (1990). When a provision is capable of more than one interpretation, we look at the statute as a whole to determine the intent of the legislature. *Id.* at 660, 582 A.2d at 603. The hazards listed in the statute include "variations in terrain, trails, paths or roads." Terrain is "the physical features of a tract of land." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2360 (unabridged ed. 1961). The legislature clearly intended immunity for variations in land surface and used "terrain" to distinguish surface features in a form other than "trails, paths or roads." Reading the provision as a whole, we note that trails, paths, and roads are usually artificial, and it would therefore be illogical to read a "natural" requirement into the statute. *See N.E. Brickmaster*, 133 N.H. at 663, 582 A.2d at 605–06.

The plaintiff next argues that a landowner is entitled to immunity under RSA 215-A:34, II only if the land is properly posted. In support of this argument, the plaintiff points out that RSA 215-A:34 is entitled "Posted Land." While the title of a statute may be persuasive, it is not conclusive of its interpretation. *State v. Kilgus*, 125 N.H. 739, 742, 484 A.2d 1208, 1212 (1984). We note initially that RSA 215-A:34 was entitled "Posted Land" at the time of its initial enactment in 1981. As discussed below, when the legislature amended the statute to add paragraph II, it intended to make more land available for OHRV use. Conferring immunity only to those who post their land so as to prevent OHRV use would defeat this purpose, and construing the statute in this manner would deny immunity to those land owners who allow OHRV use and who the legislature clearly intended to be immune. *Cf. State v. Kay*, 115 N.H. 696, 698, 350 A.2d 336, 337–38 (1975).

The plaintiff's next argument is that RSA 215-A:34, II violates his equal protection rights under part I, articles 12 and 14 of the New Hampshire Constitution. The plaintiff argues that RSA 215-A:34 creates an unconstitutionally arbitrary classification because it deprives OHRV users of a remedy without providing a substitute.

"The right to recover for one's injuries is not a fundamental right." *City of Dover v. Imperial Cas. & Indem. Co.*, 133 N.H. 109, 116, 575 A.2d 1280, 1284 (1990). It is, however, an important substantive right, and restrictions on the right to recover are

subject to a more rigorous level of scrutiny than that employed under the rational basis test. *Id.* We examine whether the statute is reasonable, not arbitrary, and differentiates in a manner having a fair and substantial relation to the object of the legislation. *Opinion of the Justices (Limitation on Civil Actions)*, 137 N.H. 260, 266, 628 A.2d 1069, 1072 (1993).

Whether a "statute can be justified as a reasonable measure in furtherance of the public interest depends upon whether the restriction of private rights sought to be imposed is not so serious that it outweighs the benefits sought to be conferred upon the general public." *Carson v. Maurer*, 120 N.H. 925, 933, 424 A.2d 825, 831 (1980). The legislature may confer a benefit upon the general public, and thus satisfy equal protection, by creating a substitute remedy when it limits or abolishes an existing remedy. *See Thompson v. Forest*, 136 N.H. 215, 217–19, 614 A.2d 1064, 1066–67 (1992) (workers' compensation). We have held, however, that a class need not always receive a new benefit simply because the legislature takes an existing benefit away. *Id.* at 218, 614 A.2d at 1067; *Young v. Prevue Products, Inc.*, 130 N.H. 84, 88, 534 A.2d 714, 717 (1987).

RSA 215-A:34, II recognizes "that OHRV operation may be hazardous." By definition, OHRV operation is an off-highway activity. *See* RSA 215-A:1, VI (1989); RSA 215-A:9 (1989 & Supp. 1994). The legislature intended to make more land available to OHRV users and, therefore, conferred immunity to those whose property was used for OHRV operation from suits arising from dangers inherent in this hazardous activity. The operator who voluntarily enters upon another's land to engage in this hazardous activity thus gives up the right to sue. We accept the plaintiff's contention that the purpose of the 1985 amendment, which added paragraph II to the statute, was to make more land available for OHRV use. Accordingly, the statute confers a significant benefit upon the general public. We hold that limiting liability for owners, occupants, and lessees of land has a fair and substantial relation to a permissible legislative purpose. *See Kantner v. Combustion Engineering*, 701 F. Supp. 943, 949 (D.N.H. 1988).

Having found that the statute is constitutional and that it confers immunity to the defendant, we now turn to the scope of that immunity. The plaintiff purports to have alleged claims of both negligence and wilful and malicious conduct. The superior court, in granting summary judgment, did not distinguish between the claims. Therefore, we do not have the benefit of the trial court's analysis. In addition, although we are not prepared to hold that the

issue of whether immunity under RSA 215-A:34 extends to wilful and malicious conduct was either waived or not preserved for appeal, we conclude that it was not adequately briefed or argued by the parties. Therefore, we exercise our discretion to remand for further consideration of the scope of RSA 215-A:34 immunity and whether it bars *all* of the plaintiff's claims, issues upon which we express no opinion.

*Affirmed in part; remanded.*

BATCHELDER, J., dissented; the others concurred.

BATCHELDER, J., dissenting: The majority holds that RSA 215-A:34, II (1989) affords the defendants immunity from suit for the plaintiff's injuries. I disagree, however, that this statute limits the liability of the owners of a sand and gravel excavation pit.

Recreational use statutes are in derogation of the common law and should be narrowly construed. *Kantner v. Combustion Engineering,* 701 F. Supp. 943, 946 (D.N.H. 1988). Their purpose, as expressed in the legislative history of our generic recreational use statute, RSA 508:14, I (Supp. 1994), is to limit the liability of "people whose land is donated for . . . temporary use for such things as horse shows." N.H.S. JOUR. 335 (1975). Thus such statutes "encourage owners and occupiers of land to make their land available to the public without charge for recreational activities." *Noel v. Town of Ogunquit,* 555 A.2d 1054, 1056 (Me. 1989).

I cannot envision the defendants welcoming the plaintiff's use of their land, which contained an abandoned pit, for recreational purposes. Accordingly, they are not entitled to the immunity available to those who do. "It would be contrary to reason to assume that the Legislature could have intended that the statute apply in circumstances where neither the basic purpose of the statute, nor, indeed, any purpose could be served . . . ." *Ferres v. City of New Rochelle,* 502 N.E.2d 972, 976 (N.Y. 1986). Consequently, I respectfully dissent.