Hillsborough-northern judicial district
No. 95-846

## MARK LORETTE

v.

## PETER-SAM INVESTMENT PROPERTIES & a.

July 23, 1997

*Joseph F. McDowell, III, P.A.*, of Manchester (*Joseph F. McDowell, III* and *Mark D. Morrissette* on the brief, and *Mr. McDowell* orally), for the plaintiff.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Robert C. Dewhirst* on the brief and orally), for the defendants.

HORTON, J. On remand from our prior decision in this case, *see Lorette v. Peter-Sam Inv. Properties*, 140 N.H. 208, 665 A.2d 341 (1995) (*Lorette I*), the Superior Court (*Groff*, J.) held that RSA 215-A:34 (1989) barred all of the claims asserted by the plaintiff, Mark Lorette, including those claims purporting to allege willful and malicious conduct on the part of the defendants, Peter-Sam Investment Properties and its individual partners. We affirm.

The essential background facts are found in *Lorette I*, 140 N.H. at 209, 665 A.2d at 342, and are briefly restated here. The plaintiff sued the defendants for injuries arising from an accident that occurred when the plaintiff inadvertently drove his dirt bike off a cliff on property allegedly owned by the defendants. On the day of the accident, the plaintiff and an acquaintance were riding dirt bikes along sand dunes on that property. According to the plaintiff, the twenty-foot cliff was the product of sand and gravel excavations authorized by the defendants. The plaintiff alleged that the excavation activities created an unreasonably hazardous condition that caused the accident and his resulting injuries. The writ alleged negligence, as well as willful and malicious acts and failures to act, on the part of the defendants.

The defendants moved for summary judgment based on RSA 215-A:34, a statute regulating the use of off-highway recreational vehicles (OHRVs). The statute provides, in relevant part:

> It is recognized that OHRV operation may be hazardous. Therefore, each person who drives or rides an OHRV accepts, as a matter of law, the dangers inherent in the sport, and shall not maintain an action against an owner, occupant, or lessee of land for any injuries which result from such inherent risks, dangers, or hazards. The categories of such risks, hazards, or dangers which the OHRV user assumes as a matter of law include, but are not limited to, the following: variations in terrain, trails, paths or roads, surface or subsurface snow or ice conditions, bare spots, rocks, trees, stumps, and other forms of forest growth or debris, structures on the land, equipment not in use, pole lines, fences, and collisions with other operators or persons.

RSA 215-A:34, II. The superior court granted the defendants' motion, ruling that the excavation-created cliff was a variation in terrain under the statute. *See Lorette I*, 140 N.H. at 209, 665 A.2d at 342.

We affirmed in part and remanded. *See id.* Specifically, we agreed with the superior court that man-made alterations to land, such as the defendants' excavations, constituted "variations in terrain." *See id.* at 210-11, 665 A.2d at 343. We also held that a landowner who fails to post its land against OHRV use is nonetheless entitled to immunity under the statute. *See id.* at 211, 665 A.2d at 343. In rejecting the plaintiff's contention that the immunity provisions of RSA 215-A:34 violated his equal protection rights under part I, articles 12 and 14 of the New Hampshire Constitution, we reasoned that the statute "confers a significant benefit upon the general public" by encouraging landowners to "make [their] land available to OHRV users." *Id.* at 212, 665 A.2d at 344. Finally, noting that the superior court's grant of summary judgment to the defendants failed to distinguish the plaintiff's negligence claims from his claims alleging willful and malicious conduct, we remanded "for further consideration of the scope of RSA 215-A:34 immunity and whether it bars *all* of the plaintiff's claims." *Id.* at 213, 665 A.2d at 344.

On remand, the superior court interpreted the statute as barring all of the plaintiff's claims, including those alleging willful and malicious conduct: "Clearly, the legislature in enacting RSA 215-A:34 intended to grant immunity from liability for all conduct, whether negligent, reckless, willful and malicious, or intentional." The court further concluded that the statute was not an unconstitutional deprivation of the plaintiff's right to seek recovery for his injuries. This appeal followed.

Preliminarily, we accept the plaintiff's assertion that his "claims for willful and malicious conduct are synonymous with reckless conduct," and we confine our analysis of RSA 215-A:34 accordingly. We therefore decline to address any issues involving intentional acts.

■ In reviewing the superior court's summary judgment ruling, we consider the evidence in the light most favorable to the plaintiff, and if no genuine issue of material fact exists, we determine whether the defendants are entitled to judgment as a matter of law. *See N.E. Tel. & Tel. Co. v. City of Franklin*, 141 N.H. 449, 452, 685 A.2d 913, 916 (1996). "The interpretation of a statute is to be decided ultimately by this court." *Petition of Walker*, 138 N.H. 471, 474, 641 A.2d 1021, 1024 (1994).

Several of the plaintiff's arguments on appeal derive from the following premise:

The defendants are cloaked with immunity for those injuries determined to have arisen from the inherent risks, dangers or hazards of OHRV operation. The defendants are not immunized by RSA 215-A:34 where [the plaintiff's] injuries arose out of the defendants' own negligence and reckless conduct.

According to the plaintiff, RSA chapter 155-E (1994 & Supp. 1996) and RSA chapter 12-E (1988 & Supp. 1996) required the defendants to regrade and fence the excavated land, while common law principles required the defendants as landowners "to exercise reasonable care to protect foreseeable users of [their] property." The plaintiff contends that his "accident was legally caused by the [defendants'] failure to prohibit use of [their] property, [their] failure to prevent OHRV users from reaching the excavation pit (lack of snow fencing), [their] failure to post warnings of the excavation, and [their] failure to reclaim the property to its natural contour." The plaintiff specifically argues: (1) that the defendants breached common law and statutory duties to which the immunity of RSA 215-A:34 does not apply; (2) that a genuine issue of material fact exists as to whether the accident was proximately caused by an inherent risk of OHRV operation; and (3) that the inherent risks assumed by an OHRV operator do not extend to a landowner's reckless conduct.

We agree with the defendants that the plaintiff is attempting to resurrect several issues that were resolved against him in *Lorette I*. There, we held that the man-made excavation pit was a variation in terrain — a risk the plaintiff assumed pursuant to RSA 215-A:34, II. *See Lorette I*, 140 N.H. at 210-11, 665 A.2d at 343. Accordingly, the plaintiff's current argument, that the defendants' creation and maintenance of the excavation pit in violation of common law and statutory duties presented risks not assumed by the plaintiff, is unpersuasive. We also concluded in *Lorette I* that the defendants did not lose the statutory immunity by failing to post their property to prohibit OHRV use. *See id.* at 211, 665 A.2d at 343. The plaintiff's reliance on the defendants' alleged failure to prohibit use of their property and to post warnings of the excavation pit is therefore misplaced. Furthermore, the plaintiff's characterization of the proximate cause and inherent risk inquiries as factual issues fails to recognize that the OHRV operator assumes the risk of "variations in terrain" as a matter of law. RSA 215-A:34, II.

Contrary to the plaintiff's contentions, *Nutbrown v. Mount Cranmore*, 140 N.H. 675, 671 A.2d 548 (1996), is consistent with our interpretation of *Lorette I*. In *Nutbrown*, we interpreted a ski

statute, *see* RSA 225-A:24 (1989), as barring all of the plaintiff's claims except a claim alleging a violation of a duty expressly imposed on the defendant by the statute *itself. Nutbrown*, 140 N.H. at 683-84, 671 A.2d at 553-54. The plaintiff's other claims, alleging inadequate construction, maintenance, warnings, and supervision, fell within the inherent risks identified by the ski statute. *Id.* In this case, the OHRV statute imposes no duties on landowners, and we interpret the statute to mean that a landowner owes OHRV operators *"no duty* to protect them from inherent risks" of OHRV operation. *Id.* at 680, 671 A.2d at 551 (emphasis added). Thus, the defendants owed the plaintiff no duty to protect him from the excavation pit.

 The critical issue not resolved by *Lorette I* is whether RSA 215-A:34, II provides immunity to landowners for their reckless conduct relating to inherent risks of OHRV operation. In interpreting a statute, we "can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include." *Appeal of Public Serv. Co. of N.H.*, 141 N.H. 13, 17, 676 A.2d 101, 104 (1996) (quotation omitted). Here, RSA 215-A:34, II broadly insulates landowners from liability arising from the inherent risks of OHRV operation; the statute provides no exception to its general rule for a landowner's recklessness. Accordingly, we decline the plaintiff's invitation to interpolate words of limitation into RSA 215-A:34, II for a landowner's recklessness in creating, maintaining, refusing to remedy, or failing to warn of an inherent risk. We hold that the superior court correctly concluded that RSA 215-A:34 bars all of the plaintiff's claims.

 Finally, application of the statutory bar to the plaintiff's claims based on willful and malicious conduct does not alter our analysis of the constitutionality of RSA 215-A:34, II. *See Lorette I*, 140 N.H. at 211-12, 665 A.2d at 343-44. Although a statutory bar to such claims plainly imposes an incremental "restriction of private rights," *id.* at 212, 665 A.2d at 344 (quotation omitted), the benefit conferred by the statute — encouraging landowners to make their land available to OHRV users — remains "significant," *id.* Moreover, the statutory immunity provided to landowners by RSA 215-A:34, II does not preclude an OHRV operator "from bringing a claim against a landowner under all circumstances for all claims," as the plaintiff contends; rather, the statute only prevents an OHRV operator from recovering against a landowner for inherent risks of the activity. We therefore adhere to our reasoning "that limiting liability for owners, occupants, and lessees of land has a fair and substantial relation to a permissible legislative purpose." *Lorette I*,

140 N.H. at 212, 665 A.2d at 344; *cf. Nutbrown*, 140 N.H. at 681-82, 671 A.2d at 552 (ski statute's bar to certain actions not unconstitutional under part I, articles 2, 12, and 14 of the New Hampshire Constitution).

*Affirmed.*

BRODERICK, J., dissented; the others concurred.

BRODERICK, J., dissenting: The majority extends the result reached in *Lorette v. Peter-Sam Investment Properties*, 140 N.H. 208, 665 A.2d 341 (1995), a step further with its holding that RSA 215-A:34, II (1989) immunizes defendants from their reckless acts. Like Justice Batchelder before me, I question whether the legislature even intended to have this immunity statute apply to owners of sand and gravel excavation facilities. *See Lorette*, 140 N.H. at 213, 665 A.2d at 344-45 (Batchelder, J., dissenting). These facilities are subject to an extensive regulatory scheme, *see* RSA ch. 12-E (1988 & Supp. 1996); RSA ch. 155-E (1994 & Supp. 1996), which includes several legislatively imposed statutory duties, *e.g.*, RSA 12-E:7, I(f) (1988), and it is questionable whether the legislature intended to subvert these laws when it passed the more broadly applicable OHRV immunity statute.

Further, I am hesitant to assume that the legislature intended to excuse a landowner's reckless conduct. While the legislature has indicated its intent to cover acts beyond simple negligence in other immunity statutes, *see, e.g.*, RSA 508:14, I (Supp. 1996), the present statute contains no such language. Given the profound implications of immunizing a landowner for reckless conduct, I would read the OHRV statute to provide protection only for negligent acts absent specific legislative guidance to the contrary. *See Collins v. Martella*, 17 F.3d 1, 4 (1st Cir. 1994) (per curiam) (immunity statutes are to be read narrowly).