McDonald v. Arcadia Campground        CV-99-292-JD   09/26/00
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Daniel T. McDonald

     v.                                  Civil No. 99-292-JD
                                         Opinion No. 2000 DNH 198
The Arcadia Campground
Association


                              O R D E R


     The plaintiff, Daniel T. McDonald, brings suit, alleging

that the defendant, the Arcadia Campground Association,

negligently maintained its road where McDonald was injured while

riding his bicycle.  Arcadia moves for summary judgment,

asserting immunity under three New Hampshire statutes, RSA

508:14,I; RSA 212:34; and RSA 215-A:34,II.  McDonald contends

that the cited statutes do not apply in the circumstances of his

case and objects to summary judgment.


                          Standard of Review

     Summary judgment is appropriate when "the pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(c).  The party seeking summary judgment must first demonstrate

the absence of a genuine issue of material fact in the record.

See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999). A party opposing a properly supported motion for summary judgment must present record facts showing a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

## Background

Daniel T. McDonald was visiting the Arcadia Campground for the weekend at the invitation of a friend who owned a campsite there. McDonald did not pay a fee or any other charge to enter or use the campground facilities. The campground consisted of campsites, paved roadways, a playground, a general store and snack bar, a boat launch and docking facilities, tennis courts, basketball courts, shuffle boards, and a recreation hall. Guests at the campground had free use of the facilities and could purchase goods and services at the snack bar and recreation hall.

On the day of the accident, McDonald was riding a mountain bike on a paved road in the campground, returning to the campsite where he was staying. McDonald hit an unmarked speed bump on the road, and his bicycle buckled. He was injured when he fell to the pavement.

2

## Discussion

Arcadia contends that three New Hampshire statutes provide immunity from McDonald's suit. RSA 508:14,I protects land owners from liability when they allow a person to use their land for "recreational purposes" without charge. Because RSA 508:14,I is dispositive in this case, it is unnecessary to consider the provisions of the other two statutes.

In support of summary judgment, Arcadia relies on McDonald's answers to interrogatories that he was invited to the campground and did not pay a fee for use of the campground. McDonald also stated that he was using the bike for recreational purposes and returning to the campsite at the time of the accident. Based on those admitted facts, Arcadia contends that McDonald was using the campground for recreational purposes without charge and that it is protected from liability by RSA 508:14,I.

In response, McDonald contends that a factual issue exists as to whether he was riding his bicycle for recreational purposes at the time of the accident. He argues that he was not engaged in recreation at the time of the accident but instead was using the bicycle "for transport" to return to the campsite. To the extent McDonald argues that his particular purpose in riding his bicycle in the campground at the time of the accident converts his activity to a nonrecreational use, he has not persuasively distinguished one use from another. In addition, the statute

3

protects land owners who permit recreational use of their property without charge. McDonald has not shown that his visit to the campground was for a nonrecreational use. In the circumstances of this case, McDonald's particular purpose in riding his bicycle at the time of the accident is immaterial.

McDonald also contends that the statute only applies to land that is primarily used for recreational purposes. McDonald argues that because the road was used by motor vehicles to access the campsites and had no designated bicycle path, the road was not land being used for a recreational purpose within the meaning of the statute. McDonald cites no legal authority in support of his theory.

Nothing in the statute suggests that its application is limited to certain types or parts of a land owner's property, as long the property is being used for a recreational purpose. See, e.g., Collins v. Martella, 17 F.3d 1, 4 (1st Cir. 1994). McDonald does not dispute that the road was owned by Arcadia. His interrogatory answer demonstrates that he was using the campground for a recreational purpose. McDonald therefore has failed to raise a triable issue as to whether the statute's protection depends on the location of the accident within the campground.

McDonald also argues that although he paid no fee or charge for access to the campground or to use its facilities, Arcadia

4

stood to benefit by his presence because of the possibility he would purchase goods or services at the snack bar, store, or recreation hall. Once again, McDonald offers no legal support for his theory that such a potential benefit to the campground would constitute a charge within the meaning of RSA 508:14,I. The statute applies to an owner of land "who without charge permits any person to use land for recreational purposes." RSA 508:14,I. In that context, "charge" cannot reasonably be construed to mean a possible benefit of the type McDonald suggests.

Arcadia has submitted a properly supported motion for summary judgment based on RSA 508:14,I. McDonald has failed to show a triable issue as to the application of the statute to his claim. Therefore, Arcadia is entitled to summary judgment.


## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 18) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
District Judge

September 26, 2000

cc:  Emmanuel N. Papanickolas, Esquire
     Paul A. Rinden, Esquire
     Michael W. Wallenius, Esquire

5