Hardy v. Loon Mtn. Rec. Corp.          CV-00-174-JD  01/29/01
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Kathleen Hardy

       v.                                Civil No. 00-174-JD
                                         Opinion No. 2001 DNH 020
Loon Mountain
Recreation Corporation


                                O R D E R


       The plaintiff, Kathleen Hardy, brings a negligence action

against Loon Mountain Recreation Corporation ("Loon"), arising

from injuries she received when she slipped and fell on a path at

the top of the mountain.  Loon moves for summary judgment on the

grounds that two New Hampshire recreational use statutes, N.H.

Rev. Stat. Ann. ("RSA") 212:34 and RSA 508:14, preclude its

liability.  Hardy objects to summary judgment, arguing that

neither statute applies in the circumstances of this case.



                          Standard of Review

       Summary judgment is appropriate when "the pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(c); see also MacGlashing v. Dunlop Equip. Co., 89 F.3d 932,

936 (1st Cir. 1996).  The record evidence is taken in the light most favorable to the nonmoving party.  See Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999).  "[A]n issue is 'genuine' if the evidence presented is such that a reasonable jury could resolve the issue in favor of the nonmoving party and a 'material' fact is one that might affect the outcome of the suit under governing law."  Fajardo Shopping Ctr. v. Sun Alliance Ins. Co., 167 F.3d 1, 7 (1st Cir. 1999).  Summary judgment will not be granted as long as a reasonable jury could return a verdict in favor of the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## Background

Loon operates a recreational area on United States Forest Service land in Lincoln, New Hampshire, under a "Special Use Permit."  The "Special Use Permit," issued by the Forest Service, provides a non-exclusive right to Loon to operate in that location "for the purpose of:  Construction, operation, and maintenance of a year-round outdoor recreational development to provide services necessary and desirable for the resonable [sic] comfort and convenience of the public.  Structures, facilities, and appurtenant improvements to be authorized by this permit are shown on the approved development plan as required in Clause 24.2

2

of this permit." Def. Ex. 2c. The Forest Service reserved to itself "the right to use or permit others to use any part of the permitted area for any purpose; Provided, such use does not interfere with the rights and privileges hereby authorized." Id. at ¶ 27.8.

During the winter, Loon operates a ski area on the Forest Service property. Loon also operates part of its facilities during the summer, including the gondola ride to the top of the mountain where there are sightseeing activities, a snack bar, and hiking paths. Under the terms of the Forest Service permit, Loon allows people to hike and sightsee in the area without paying any fee.

In August of 1998, Kathleen Hardy visited the Loon recreation area with friends. They entered the gondola house at the bottom of the mountain and read information about the activities at the top. One of the gondola operators told them that it would cost five dollars to ride to the top. The group decided to take the ride, paid the fee, and rode to the top of the mountain.

At the top, a sign directed visitors to various activities. Hardy and her friends visited the snack bar, a presentation on the "Mountain Man," and the glacial caves. There were no admission charges for any activities at the top of the mountain.

The group used paths, bridges, and wooden stairways constructed and maintained by Loon to access the various activities. On the way back to the gondola, Hardy slipped on gravel on a path and fell, breaking her leg. The gravel on that part of the path did not look like the natural surface of the path but like gravel or pebbles that had been added to the surface.

## Discussion

Hardy's suit against Loon alleges that Loon was negligent in the design, construction, and maintenance of the path where she fell, in failing to warn of the hazardous condition of the path, and in failing to provide adequate emergency assistance to her after her fall. Loon contends, based on two of New Hampshire's recreational use statutes, RSA 212:34 and 508:14, that it is entitled to summary judgment. Hardy objects to summary judgment, asserting that the circumstances of her accident except her suit from the cited statutes. Because RSA 508:14 is dispositive, it is unnecessary to consider the application of RSA 212:34 in this case.

RSA 508:14, I provides immunity to an occupant of land "who without charge permits any person to use land for recreational

4

purposes."[1]  In this case, it is undisputed that Loon is an occupant of the property in question and that Hardy was using the area for recreational purposes.  Hardy argues that the statute does not apply because Loon charged a fee for the gondola ride, which provided easier access to the top of the mountain, and received an indirect economic benefit from visitors.  Hardy also contends that the statute does not apply to the artificial condition of the path.

A.  Charge

The application of RSA 508:14 depends on whether permission to use the land was granted without charge.  Hardy addresses the meaning of "charge," used in RSA 508:14, and "consideration," used in RSA 212:34, III(b), as if they were the same.  She argues that the gondola fee and any economic benefit to Loon arising from money spent by visitors to the area, such as by purchasing items at the snack bar, constitute "charge" and "consideration"

---

[1]RSA 508:14, I provides as follows:

> An owner, occupant, or lessee of land, including the state or any political subdivision, who without charge permits any person to use land for recreational purposes or as a spectator of recreational activity, shall not be liable for personal injury or property damage in the absence of intentionally caused injury or damage.

within the meaning of each statute.

The New Hampshire Supreme Court has not interpreted "charge" as it is used in RSA 508:14. In <u>Collins v. Martella</u>, 17 F.3d 1, 5 (1st Cir. 1994), the First Circuit affirmed this court's ruling that neither nonexclusive membership dues nor the price of a lot constituted "charge" or "consideration" within the meaning of RSA 508:14 and RSA 212:34, II(b).[2] The court did not distinguish between "charge" and "consideration" in the circumstances presented in that case.

Other courts construe "charge" more narrowly than "consideration" in the context of states' recreational use statutes. <u>See, e.g.</u>, <u>Howard v. United States</u>, 181 F.3d 1064, 1067 (9th Cir. 1999); <u>Ducey v. United States</u>, 713 F.2d at 504, 510 (9th Cir. 1983). "Charge" is construed to mean an actual admission fee paid for permission to enter the land for recreational purposes. <u>See, e.g.</u>, <u>Howard</u>, 181 F.3d at 1068; <u>Wilson v. United States</u>, 989 F.2d 953, 956-57 (8th Cir. 1993); <u>Livingston v. Penn. Power & Light, Co.</u>, 609 F. Supp. 643, 648 (E.D. pa. 1985); <u>Louisville v. Silcox</u>, 977 S.W.2d 254, 256-57

---

[2]In <u>Collins</u>, the plaintiff was a guest at a private beach that was part of a residential area and was managed by a community association, which charged its members dues. <u>See</u> <u>Collins</u>, 17 F.3d at 2. He was injured when he dove into shallow water from a dock extending from the beach. <u>See</u> <u>id.</u>

(Ky. Ct. App. 1998) (citing cases). It is likely that the New Hampshire Supreme Court would similarly construe "charge," as it is used in RSA 508:14, to mean an actual admission fee. <u>See Stratford Sch. Dist., SAU #58 v. Employers Reinsurance Corp.</u>, 162 F.3d 718, 720 (1st Cir. 1998) (explaining that in diversity cases federal courts predict how the state court would resolve legal issues that have not been addressed).

Neither the fee for the gondola ride nor the indirect economic benefit to Loon from purchases in the snack bar constitute "charge" within the meaning of 508:14. The gondola fee was not an admission fee since visitors could hike to the top of the mountain and be admitted to the activities and snack bar without paying for the gondola ride. Similarly, the activities were available to visitors who did not make purchases at the snack bar. Therefore, since neither the gondola fee nor snack bar purchases was an admission fee, visitors were permitted to visit the Loon activities and use the paths at the top of the mountain without charge.

B. <u>Artificial Condition</u>

Hardy alternatively argues that the recreational use statutes do not apply to artificial conditions, such as the gravel path where she fell. In essence, Hardy would limit the

7

application of RSA 508:14 to unimproved land and would except any injuries caused by an artificial condition. Loon contends that the protection of RSA 508:14 is not limited in that way.

The New Hampshire Supreme Court has not interpreted RSA 508:14 in this context. In Collins, 17 F.3d at 4, the First Circuit affirmed this court's determination that the immunity provided by RSA 508:14 was not limited to owners and occupiers of large and undeveloped tracts of land that were open to the general public. Although the court did not specifically consider whether an injury caused by an artificial condition would be excepted from the immunity proved by RSA 508:14, the circumstances in that case suggest that no such exception exists. The plaintiff in Collins was injured when he dove from a dock into shallow water. See id. at 2. Since the dock was not a naturally occurring part of the beach, it was presumably an artificial condition. Nevertheless, the court granted summary judgment in favor of the defendants. See id. at 4.

Hardy, however, relies on Diodato v. Camden County Park Comm., 392 A.2d 665, 671 (N.J. Super. Ct. Law Div. 1978), which interpreted New Jersey's recreational use statute not to apply to injuries caused by artificial conditions that are unrelated to

8

the recreational use of the property.[3]  Even assuming that the New Hampshire Supreme Court would adopt the New Jersey court's limitation on the scope of a recreational use statute, such a limitation would not except the circumstances of this case from the application of the statute.

Here, Hardy slipped on gravel on a path that provided access to the recreational activities at the top of the mountain. Whether or not the gravel was natural to the site of the path, walking on the gravel path was part of the intended recreational activity on the mountain.  Therefore, assuming that the path and the gravel were the cause of Hardy's injury, the exception drawn by the New Jersey court would not apply here.

Therefore, since Loon has properly invoked immunity under RSA 508:14 from Hardy's claims and Hardy has not shown that a trialworthy issue remains as to any exceptions to immunity, Loon is entitled to summary judgment.[4]

---

[3]In Diodato, while visiting at a county-owned park with swimming facilities on a river, the plaintiff was injured when he dove into the river and struck a submerged trash barrel, which the court determined bore no connection to the recreational purpose of swimming.  See id. at 671.

[4]Because Hardy does not distinguish, for purposes of Loon's motion for summary judgment, her claims of Loon's negligence in causing the accident from her claim of negligence in responding to the accident, the court does not consider the claims

9

Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 7) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

January 29, 2001

cc:  Christopher E. Ratte, Esquire
     Corey M. Belobrow, Esquire

_____

individually.

10