Rockingham
No. 2001-687

DEBORAH MOODY, CO-ADMINISTRATRIX OF THE ESTATE OF RAYMOND BAKER AND M/N/F TO KAYLEY BAKER *& a.*

v.

CONTINENTAL PAVING, INC.

Argued: October 16, 2002
Opinion Issued: December 2, 2002

*Hall, Hess, Stewart, Murphy & Brown,* of Manchester (*Peter E. Hutchins* on the brief and orally), for the plaintiffs.

*Devine, Millimet & Branch, P.A.,* of Manchester (*Richard E. Mills* and *Michael J. Kenison* on the brief, and *Mr. Kenison* orally), for the defendant.

DUGGAN, J., The plaintiffs, who represent the estate and children of the decedent Raymond Baker, appeal an order of the Superior Court (*Coffey, J.*) granting the defendant's motion to dismiss their wrongful death claim because of immunities provided by RSA 215-A:34, II (2000) and RSA 508:14, I (1997). We affirm.

The plaintiffs' writ of summons alleged the following facts. On July 11, 1998, Baker and Albert Gordon attended a party at the home of their employer in Londonderry. After the party, Gordon gave Baker and several other guests rides in his Jeep Wrangler around the property adjoining the home of the employer. This property consisted of sand and gravel pits owned by the defendant, Continental Paving, Inc. (Continental Paving). While driving around the gravel pits, apparently at a speed of twelve to fourteen miles per hour, Gordon drove off a fifteen-foot wall and crashed into a concrete slab below. Baker, riding in the front seat, was killed. According to the writ, the area surrounding the fifteen-foot drop was unlit and had no warning signs or barriers.

Baker's estate and three minor children sued Continental Paving for negligence and recklessness, claiming a right to damages under the estate and wrongful death provisions of RSA 556:12, I and III (Supp. 2002). The writ of summons based the recklessness claim largely upon "the conduct of the defendant in creating and then failing to warn, inspect, modify, illuminate, supervise or otherwise prevent access to the area of this wall and drop off onto a concrete slab on its property." Continental Paving filed a motion to dismiss, asserting that the claims were statutorily barred under RSA 215-A:34, II, which limits liability for landowners who allow off-highway recreational vehicles (OHRVs) on their property to risks not inherent in the sport, and RSA 508:14, I, which provides that landowners

who admit others onto their property for recreational purposes free of charge are only liable for intentionally caused personal injury. The trial court agreed and dismissed the writ.

On appeal, the plaintiffs argue that RSA 215-A:34, II does not apply to the risk created by the wall in the sand and gravel pits. They also argue that the statutes are unconstitutional under Part I, Article 14 of the State Constitution insofar as they foreclose any remedy for reckless conduct by the landowner, and the equal protection guarantee of Part I, Article 12 of the State Constitution insofar as they discriminate between classes of injured plaintiffs. We reaffirm our holdings in *Lorette v. Peter-Sam Investment Properties*, 140 N.H. 208 (1995) (*Lorette I*), and *Lorette v. Peter-Sam Investment Properties*, 142 N.H. 208 (1997) (*Lorette II*), that RSA 215-A:34, II is constitutional and bars the plaintiffs' claim.

RSA 215-A:34, II provides:

> It is recognized that OHRV operation may be hazardous. Therefore, each person who drives or rides an OHRV accepts, as a matter of law, the dangers inherent in the sport, and shall not maintain an action against an owner, occupant, or lessee of land for any injuries which result from such inherent risks, dangers, or hazards. The categories of such risks, hazards, or dangers which the OHRV user assumes as a matter of law include, but are not limited to, the following: variations in terrain, trails, paths or roads, surface or subsurface snow or ice conditions, bare spots, rocks, trees, stumps, and other forms of forest growth or debris, structures on the land, equipment not in use, pole lines, fences, and collisions with other operators or persons.

■ The plaintiffs argue that the unmarked fifteen-foot drop-off was not a "danger[] inherent in the sport" of OHRV operation. We decided this issue in the *Lorette* cases, where the plaintiff sustained injuries when he accidentally drove his motorcycle off the twenty-foot cliff of an abandoned pit in the defendant's sand and gravel yard. *Lorette I*, 140 N.H. at 209-10. In *Lorette I*, we held that man-made conditions such as the excavation pit constitute a "variation in terrain" and thus a danger inherent in the sport of OHRV driving under the wording of RSA 215-A:34, II. *Id.* at 210-11. In *Lorette II*, we held that the OHRV statute bars claims even when the plaintiff alleges reckless conduct on the part of the defendant. *Lorette II*, 142 N.H. at 212. The facts in this case are almost identical to those in the *Lorette* cases. Because the OHRV statute has not changed since those decisions, we hold that RSA 215-A:34, II bars the claim in this case as well.

■ *Lorette* also addressed the constitutional arguments involved in this appeal. In *Lorette I*, we rejected the plaintiff's equal protection and Article 14 claims, holding that the "significant benefit" of land availability conferred on the public by the OHRV statute outweighed the burden imposed by the restriction on the right to sue. *Lorette I*, 140 N.H. at 211-12. We affirmed this decision in *Lorette II*, holding that "application of the statutory bar to the plaintiff's claims based on [reckless] conduct does not alter our analysis of the constitutionality of RSA 215-A:34, II." *Lorette II*, 142 N.H. at 212. We decline the plaintiffs' invitation to overrule either of the *Lorette* decisions.

Having ruled that RSA 215-A:34, II is sufficient to bar the plaintiffs' claim, we need not reach issues related to the general recreational land use statute, RSA 508:14, I.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.