Merrimack
No. 2003-719

## ALAINA SWEENEY

v.

## RAGGED MOUNTAIN SKI AREA, INC.

Argued: May 6, 2004
Opinion Issued: July 15, 2004

*Wiggin & Nourie, P.A.*, of Manchester (*Peter E. Hutchins* on the brief and orally), for the plaintiff.

*Wadleigh, Starr & Peters, P.L.L.C.*, of Manchester (*Robert E. Murphy, Jr.* on the brief and orally), for the defendant.

GALWAY, J. The plaintiff, Alaina Sweeney, appeals an order of the Superior Court (*Fitzgerald*, J.) granting a motion to dismiss filed by the defendant, Ragged Mountain Ski Area, Inc. (Ragged Mountain). We reverse and remand.

The relevant facts follow. On March 21, 2001, the plaintiff went snow tubing at Ragged Mountain, which operates, among other things, snow tube runs. The snow tube area was designated only for snow tubing, and was not used for alpine or nordic skiing. When the plaintiff went snow tubing, no employees of Ragged Mountain were present to instruct her on the proper use of the snow tube. The plaintiff made a few "runs" down the snow tube trail. On her last run, she crossed the center line between snow tube lanes, continued down the adjacent lane, and ultimately collided with another snow tuber.

The plaintiff brought a negligence claim against Ragged Mountain for injuries sustained as a result of the collision. Ragged Mountain moved to dismiss, alleging that RSA 225-A:24, I (2000) barred recovery because it precludes claims brought by those injured in the "sport of skiing," which, Ragged Mountain argued, includes snow tubing. The plaintiff argued that the statute does not apply to snow tubers. The court granted Ragged Mountain's motion to dismiss.

On appeal, the plaintiff first argues that RSA 225-A:24, I, does not bar her claim because it does not apply to snow tubers. Because we agree, we need not address her other arguments.

The plaintiff contends that pursuant to RSA 225-A:24, I, ski area operators are granted immunity from liability only when claims are filed by those who participate in the "sport of skiing." She argues that because snow tubing is not the "sport of skiing," RSA 225-A:24, I, does not preclude her recovery. Ragged Mountain disagrees, arguing that the "sport of skiing" includes snow tubing.

"In reviewing the trial court's grant of a motion to dismiss, our task is to ascertain whether the allegations pleaded in the plaintiff's writ are reasonably susceptible of a construction that would permit recovery." *Rayeski v. Gunstock Area*, 146 N.H. 495, 496 (2001) (quotation omitted). "We assume all facts pleaded in the plaintiff's writ are true, and we construe all reasonable inferences drawn from those facts in the plaintiff's favor." *Id.* "We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law." *Id.* (quotation omitted). If the facts fail to constitute a basis for legal relief, we will uphold the granting of

the motion to dismiss. *Cambridge Mut. Fire Ins. Co. v. Crete*, 150 N.H. 673, 674-75 (2004).

The question before us is one of statutory interpretation—whether RSA 225-A:24, I, grants immunity to ski area operators against claims for injuries brought by snow tubers. We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. *In the Matter of Jacobson & Tierney*, 150 N.H. 513, 515 (2004). We first examine the language of the statute, and, where possible, we ascribe the plain and ordinary meanings to the words used. *Id.* When the language of a statute is plain and unambiguous, we need not look beyond it for further indication of legislative intent. *Id.*

Furthermore, "statutes in derogation of the common law are to be interpreted strictly." 3 N. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 61:6, at 255 (6th ed. rev. 2001). While a statute may abolish a common law right, "there is a presumption that the legislature has no such purpose." *Id.* § 61.1, at 222. If such a right is to be taken away, "it must be noted clearly by the legislature." *Id.* at 222-23. Accordingly, then, immunity provisions barring the common law right to recover are to be strictly construed. We have often stated that we will not interpret a statute to abrogate the common law unless the statute *clearly expresses* that intent. *See State v. Hermsdorf*, 135 N.H. 360, 363 (1992); *see also Douglas v. Fulis*, 138 N.H. 740, 742 (1994).

RSA 225-A:24, entitled, "Responsibilities of Skiers and Passengers," states, in relevant part:

> It is hereby recognized that, regardless of all safety measures which may be taken by the ski area operator, skiing as a sport and the use of passenger tramways associated therewith may be hazardous to the skiers or passengers. Therefore:
>
> I. Each person who participates in the *sport of skiing* accepts as a matter of law, the dangers inherent in the sport, and to that extent may not maintain an action against the operator for any injuries which result from such inherent risks, dangers, or hazards. The categories of such risks, hazards or dangers which the skier or passenger assumes as a matter of law include but are not limited to the following: variations in terrain, surface or subsurface snow or ice conditions; bare spots; rocks, trees, stumps and other forms of forest growth or debris; . . . pole lines and plainly marked or visible snow making equipment; collisions with other skiers or other persons or with any of the categories included in this paragraph.

RSA 225-A:24, I (emphasis added). As we have previously held, RSA 225-A:24, I, limits skiers' recovery, thereby functioning as an immunity provision for ski area operators. *See Nutbrown v. Mount Cranmore*, 140 N.H. 675, 680-81 (1996). In enacting this provision, "the legislature intended to supersede and replace a skier's common law remedies for risks inherent in the sport of skiing." *Berniger v. Meadow Green-Wildcat Corp.*, 945 F.2d 4, 7 (1st. Cir. 1991). The question we must answer today is whether that statute also replaces the plaintiff's common law remedy. In answering this question, we need not precisely define the "sport of skiing," nor list every activity encompassed within that phrase.

Because the phrase "sport of skiing," is not specifically defined, we look to other provisions of the statutory scheme for guidance. A "skier" is defined as "a person utilizing the ski area under the control of a ski area operator for the purpose of utilizing the ski slopes, trails, jumps or other areas." RSA 225-A:2, II (2000). "Ski slopes, trails and areas" are further defined as "*only* those areas designated by the alpine or nordic ski operator on trail boards or maps . . . to be used by skiers for the purpose of *participating in the sport of skiing.*" RSA 225-A:2, IV (2000) (emphasis added). Thus, a "skier" is limited to one who "participates in the sport of skiing," and, as such, the statutory references to "skiers" necessarily inform our interpretation of the "sport of skiing."

We next look to the declaration of policy set forth at the beginning of the statutory scheme for guidance. *See* RSA 225-A:1 (2000). RSA 225-A:1 states, in part:

> [I]t shall be the policy of the state of New Hampshire to define the primary areas of responsibility of *skiers and other users of alpine (downhill) and nordic (cross country and ski jumps) areas*, recognizing that the sport of skiing and other ski area activities involve risks and hazards which must be assumed as a matter of law by those engaging in such activities, regardless of all safety measures taken by the ski area operators.

(Emphasis added.) This provision indicates that the focus of the statutory scheme is upon those who utilize alpine and nordic areas. It further indicates that alpine areas are those used for downhill activities, while nordic areas are those used for cross country activities and ski jumps. While utilizing the alpine and nordic areas may not be the sole, defining characteristic of a skier, the policy provision indicates that it is an essential characteristic nonetheless.

■ Here, the plaintiff was not utilizing an alpine or nordic slope. Rather, as the trial court found, she was utilizing a snow tube run designated

exclusively for snow tubing. Accordingly, we do not believe she was a skier, or other user of alpine or nordic areas, and, therefore, we cannot conclude that she "participat[ed] in the sport of skiing" as intended by the legislature in RSA 225-A:24, I.

Although Ragged Mountain looks to the same statutory provisions we have referenced for support, we believe those provisions are consistent with our more narrow interpretation of RSA 225-A:24, I. Nothing in those provisions clearly expresses a legislative intent to preclude a snow tuber, injured while sliding down a run used exclusively for snow tubing, from recovering for her injuries. *See Hermsdorf*, 135 N.H. at 363.

Ragged Mountain first relies upon the statutory definition of "skier," RSA 225-A:2, II, to support its position. Given that the statute broadly defines "skier," Ragged Mountain argues that the "sport of skiing" must be similarly broadly defined. We disagree. Ragged Mountain errs in reading the definition of "skier" in isolation. As explained above, when that definition is read in conjunction with RSA 225-A:2, IV and RSA 225-A:1, it appears that a "skier" does not include a person snow tubing on a track designated solely for snow tubing. At the very least, we cannot conclude that the statute "clearly expresses" an intent to abrogate the common law right to recover of a snow tuber injured while using a track designated solely for snow tubing. *Hermsdorf*, 135 N.H. at 363.

Ragged Mountain also relies upon RSA 225-A:1, the policy provision prefacing the statutory scheme, to support its claim. It argues that because the policy provision of the statute "clearly encompasses more than traditional downhill skiing," the "sport of skiing" must include snow tubing.

To the extent that RSA 225-A:1 contemplates winter sports activities other than skiing, it is concerned only with winter sport activities that occur on alpine and nordic slopes. *See* RSA 225-A:1. The plaintiff in the instant case was not utilizing an alpine or nordic slope, but rather was injured while utilizing a snow tube on a track designated solely for snow tubing. Nothing in the policy provision, then, clearly expresses the legislative intent to extinguish the common law claims of snow tubers injured on a track designated solely for snow tubing.

Because Ragged Mountain cannot point to a statutory provision that clearly expresses a legislative intent to abrogate the plaintiff's common law right to recover, we conclude that the plaintiff's claim is not precluded by RSA 225-A:24, I. *See Hermsdorf*, 135 N.H. at 363. We reverse the trial court's order granting Ragged Mountain's motion to dismiss and remand

for further proceedings consistent with this opinion. In light of our opinion, we need not address the plaintiff's remaining arguments on appeal.

*Reversed and remanded.*

BRODERICK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.