Kaplan, Mitchell H., J.
This action arises out of a snow boarding accident at the Bretton Woods ski resort. The plaintiff, Kristina Tamirova, was injured while snow boarding at Bretton Woods, which is operated by the defendant, Omni Hotels Management Corp. (“Omni”).
The case is before the court on Omni’s motion for summary judgment. Omni maintains that it cannot be liable to Tamirova for the injuries that she suffered as they arose out of a risk inherent in snow boarding and therefore her claim is foreclosed by the New Hampshire Skiers, Ski Area and Passenger Tramway Safety Act (the “Ski Statute”), N.H.Rev.StatAnn. §225-A:24. For the following reasons the court agrees, and Omni’s motion is ALLOWED.
FACTS
The undisputed facts and disputed facts viewed in the light most favorable to Tamirova relevant to this motion are as follows.
On December 19, 2009, Tamirova was snowboarding at Bretton Woods. As she was descending the Almost Home trail, near its base she was bumped by another skier or boarder and lost control of her board. She slid under a rope flagged with orange ribbons and suspended between colored bamboo poles and fell into a ditch that was several feet deep and wide. She was seriously injured as a result of her fall.
*436 This ditch is part of the bed of a brook that runs alongside the ski trail, has vegetation growing in it, and water running through it all year.
DISCUSSION
In Cecere v. Loon Mountain Recreation Corp., 923 A.2d 198 (N.H. 2007), the New Hampshire Supreme Court affirmed the trial court’s order granting summary judgment to a ski slope operator and dismissing claims brought by a snow boarder injured while boarding in a terrain park on Loon Mountain. Its opinion was based upon an application of the Ski Statute to the plaintiff boarder’s claims of negligence on the part of the operator of the slope. The opinion states, in relevant part:
RSA 225-A:24,1, is an immunity provision for ski area operators. Sweeney v. Ragged Mt. Ski Area, 855 A.2d 427 (2004). The legislature intended this provision to “supersede and replace a skier’s common law remedies for risks inherent in the sport of skiing.” Id. (quotation omitted). Under this provision:
Each person who participates in the sport of skiing accepts as a matter of law, the dangers inherent in the sport, and to that extent may not maintain an action against the operator for any injuries which result from such inherent risks, dangers, or hazards. The categories of such risks, hazards or dangers which the skier or passenger assumes as a matter of law include but are not limited to the following: variations in terrain, surface or subsurface snow or ice conditions; bare spots; rocks, trees, stumps and other forms of forest growth or debris; . . . pole lines and plainly marked or visible snow making equipment; collisions with other skiers or other persons or with any of the categories included in this paragraph.
The New Hampshire Supreme Court then went on to hold that this statutory immunity is equally applicable to boarders as well as skiers. 923 A.2d at 293-94. The Court also noted that the Ski Statute expressly states that one of the inherent risks of the sport of skiing is encountering “variations in terrain” and, in this context, “[t] errata is the physical features of a tract of land” (internal citation omitted). Id at 295.
At the hearing on the instant motion, the parties argued over whether the ditch that Tamirova fell into was a hole associated with the natural terrain of the slope, snow making equipment, a lift, or something else. Tamirova’s counsel pointed to Tamirova’s deposition where she testified that someone who she believed to be in the Bretton Woods ski patrol said that he had told “them” (presumably the slope operator) to “take care of that hole.” The court posited that if this “hole” was not part of the natural terrain and had been created by the operator, or by someone else, and not filled-in for some time, it was arguably not a danger that was inherent in the sport. Omni’s counsel argued that this statement attributed to an unidentified ski patroller was inadmissible hearsay. Perhaps, although it might also be an admission by an employee of Omni, but even if inadmissible, Omni’s argument begs the question of whether the burden of proving that the element that caused the injury was part of the terrain or an unnecessary man-made hole falls on the injured skier or the operator. The court therefore gave the parties leave to file supplemental materials addressing the factual question of what this hole or ditch was and the legal question of whether, if man-made and not intended as part of slope, it was nonetheless an “inherent risk” of the sport.
In response, Omni filed the affidavit of the director of ski operations at Bretton Woods, with accompanying photographs, which clearly establishes that the hole that caused Tamirova’s injury is part of a brook bed. A brook bed is a physical feature of the land and therefore part of the “variations in terrain” of the slope and a risk inherent in the sport of skiing. See Cecere, 923 A.2d at 205 (“whether an individual has been injured by an inherent risk is a legal question under RSA 225-A:24”).
ORDER
For the foregoing reasons, Omni’s motion for summary judgment is ALLOWED. Final judgment shall enter dismissing this action.