# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0657, <u>Anthony Venti v. Town of Newport</u>, the court on August 10, 2017, issued the following order:**

Having considered the briefs and oral arguments of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, Anthony Venti, appeals orders of the Superior Court (<u>Tucker</u>, J.) dismissing his negligence and gross negligence claims against the defendant, the Town of Newport (Town). We affirm.

The plaintiff sued the Town for injuries he sustained when he fell on a Town-owned, outdoor tennis court. He attributed his fall to cracks in the playing surface from which grass grew and sought damages based upon the Town's purported negligence and gross negligence in the upkeep of the tennis court. The Town moved to dismiss the plaintiff's complaint, arguing that, under RSA 212:34, II (Supp. 2016), it did not owe him a duty of care for his recreational use of the outdoor tennis court and that, even if such a duty exists, RSA 508:14, I (2010) renders the Town immune from liability. The Town also argued that the plaintiff failed to state a gross negligence claim because he failed to allege "actual facts to support" it. The trial court granted the Town's motion.

The plaintiff subsequently filed a motion for leave to amend his complaint so as to add factual allegations to his gross negligence claim. The trial court granted him leave to do so. The trial court granted the Town's motion to dismiss the plaintiff's amended complaint. This appeal followed.

In reviewing a trial court's grant of a motion to dismiss, our task is to determine whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery. <u>Coan v. N.H. Dep't of Env't Servs.</u>, 161 N.H. 1, 4 (2010). We assume all facts pleaded in the complaint to be true and construe all reasonable inferences from those facts in the plaintiff's favor. <u>Id</u>. Then, we engage in a threshold inquiry that tests the facts in the writ against the applicable law, and if the allegations constitute a basis for relief, we must hold that it was improper for the court to have granted the motion to dismiss. <u>Id</u>. at 4-5.

The plaintiff first argues that the trial court erred when it determined that, pursuant to RSA 212:34, II, the Town did not owe him a duty of care. RSA 212:34, II provides, in pertinent part, that "[a] landowner owes no duty of

care to keep the premises safe for entry or use by others for outdoor recreational activity or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purposes." RSA 212:34, I(c) (Supp. 2016) defines an "outdoor recreational activity" to mean "outdoor recreational pursuits including, but not limited to, hunting, fishing, trapping, camping, horseback riding, bicycling, water sports, winter sports, snowmobiling . . . , operating an OHRV . . . , hiking, ice and rock climbing or bouldering, or sightseeing upon or removing fuel wood from the premises."

The plaintiff contends that RSA 212:34, II does not apply to this case because playing tennis on an outdoor tennis court does not constitute an "outdoor recreational activity" within the meaning of the statute. We decline to address the merits of his argument because he has failed to demonstrate that he preserved it for our review. It is a long-standing rule that parties may not have judicial review of matters not raised in the forum of trial. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). It is the burden of the appealing party, here the plaintiff, to demonstrate that he raised all of his appellate issues in the trial court. Id.

In its order dismissing the plaintiff's original complaint, the trial court stated that the plaintiff "does not dispute that tennis qualifies as an 'outdoor recreational activity.'" To the extent that the plaintiff disagreed with that statement, it was incumbent upon him to file a motion to reconsider. The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. See LaMontagne Builders v. Bowman Brook Purchase Group, 150 N.H. 270, 274 (2003); N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). Because the record fails to demonstrate that the trial court ever had the opportunity to consider whether playing tennis on an outdoor tennis court constitutes an "outdoor recreational activity" within the meaning of RSA 212:34, II, we consider the issue unpreserved and decline to decide it in the first instance.

Even if the plaintiff had preserved his argument under RSA 212:34, II, and even if we had resolved it in his favor, his remaining arguments fail. The plaintiff next asserts that RSA 508:14, I, does not apply to this case. RSA 508:14, I, provides: "An owner, occupant, or lessee of land, including the state or any political subdivision, who without charge permits any person to use land for recreational purposes . . . , shall not be liable for personal injury or property damage in the absence of intentionally caused injury or damage." The plaintiff contends that RSA 508:14, I, does not apply because playing tennis on an outdoor tennis court does not entail the "use" of "land for recreational purposes."

For the purposes of this appeal, we assume without deciding that an outdoor tennis court does not constitute "land" within the meaning of RSA 508:14, I. Nonetheless, we conclude that, because the plaintiff used municipal land to gain access to the tennis court in order to engage in an outdoor recreational activity (tennis) provided by the municipality, RSA 508:14, I, applies. See Dolbeare v. City of Laconia, 168 N.H. 52, 56-57 (2015) (holding that RSA 508:14, I, renders the municipality immune from liability because the plaintiff had used municipal land to access the playground for a recreational activity); Coan, 161 N.H. at 6 (concluding that even if the word "land" pertains only to the ground and not to water, because the injured parties gained access to the water by using State-owned land and because their purpose was to swim, which the parties agreed was a recreational activity, the State is immune from liability under RSA 508:14, I).

The plaintiff next contends that "[i]f RSA 212:34 or RSA 508:14, I[,] are held to apply to [him], those statutes are unconstitutional as applied . . . as they deny him equal protection." (Capitalization and bolding omitted.) We decline to address the merits of this argument because the plaintiff has failed to develop it sufficiently for our review. "[I]n the realm of appellate review, a mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review." Douglas v. Douglas, 143 N.H. 419, 429 (1999) (citation omitted); see Keenan v. Fearon, 130 N.H. 494, 499 (1988) ("off-hand invocations" of constitutional rights supported by neither argument nor authority warrant no extended consideration).

The plaintiff next asserts that RSA 507-B:2 (2010) applies. Under RSA 507-B:2:

> A governmental unit may be held liable for damages in an action to recover for bodily injury, personal injury or property damage caused by its fault or by fault attributable to it, arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises; provided, however, that the liability of any governmental unit with respect to its sidewalks, streets, and highways shall be limited as provided in RSA 231 and the liability of any governmental unit with respect to publicly owned airport runways and taxiways shall be limited as set forth in RSA 422.

The plaintiff contends that RSA 507-B:2 applies because: (1) the outdoor tennis court constitutes "premises" within the statute's meaning; and (2) he has alleged a sufficient nexus between his negligence claim and the Town's ownership, occupation, or operation of the court. See Lamb v. Shaker Reg'l Sch. Dist., 168 N.H. 47, 51 (2015) (concluding "that the RSA 507-B:2 exception to municipal immunity requires a nexus between the claim and the

3

governmental unit's ownership, occupation, or operation of its <u>physical</u> premises").

However, the plaintiff does not discuss the interplay between RSA 507-B:2, on the one hand, and the recreational use immunity statutes, RSA 212:34, II and RSA 508:14, I, on the other hand. In other words, he does not argue, in the alternative, that even if, as we have concluded, the recreational use statutes apply, RSA 507-B:2 controls.

The trial court determined that the recreational use immunity statutes "control over" RSA 507-B:2 because "they require a higher threshold for liability" and because their provisions are "more specific" than "the general municipal liability law." On appeal, the plaintiff neither argues nor demonstrates that the trial court's analysis constitutes reversible error. <u>See</u> <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Although he raised this as a question in his notice of appeal, he has not argued in his brief that the trial court's analysis constitutes reversible error; we, therefore, deem that argument waived. <u>See</u> <u>In re Estate of King</u>, 149 N.H. 226, 230 (2003).

The plaintiff next argues that the trial court erred when it concluded that, even after he amended his complaint, his allegations were insufficient to state a claim for "gross negligence." In fact, the trial court did not so rule. Rather, after the plaintiff amended his complaint, the trial court assumed without deciding "that he now has a properly supported claim for gross negligence." In any event, New Hampshire does not recognize a common law action for "gross negligence." <u>Barnes v. N.H. Karting Assoc.</u>, 128 N.H. 102, 108-09 (1986); <u>see</u> <u>Lee v. Chamberlin</u>, 84 N.H. 182, 188 (1929) (explaining that, in New Hampshire, "the doctrine of definitive degrees of negligence is not recognized as part of our common law"). Thus, to the extent that the plaintiff seeks to assert such a common law claim, and assuming without deciding that the recreational use immunity statutes do not apply to such a claim, the trial court did not err by dismissing it.

To the extent that the plaintiff's assertion of a gross negligence claim is based upon RSA 507-B:11 (2010), we, likewise, conclude that dismissing the claim was not error. We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. <u>Sweeney v. Ragged Mt. Ski Area</u>, 151 N.H. 239, 241 (2004). We first examine the language of the statute, and, if possible, we ascribe the plain and ordinary meanings to the words used. <u>Id</u>. When the language of a statute is plain and unambiguous, we need not look beyond it for further indication of legislative intent. <u>Id</u>. Immunity provisions, such as RSA 507-B:11, are strictly construed because they bar the common law right to recover. <u>See</u> <u>id</u>.

4

RSA 507-B:11 provides:

> A municipality or school district, which without charge permits any person to use a facility operated by the municipality or school district for the purpose of skateboarding, rollerblading, stunt biking, or rollerskiing, shall not be liable for personal injury or property damage resulting from the person's participation in such activity, in the absence of gross and wanton negligence.

By its express terms, RSA 507-B:11 does not apply to the instant case. Even if we assume without deciding that, as the plaintiff asserts, the tennis court was a "facility," he used it to play tennis, not to skateboard, rollerblade, stunt bike, or rollerski.

The plaintiff argues that RSA 507-B:11 applies under the principle of ejusdem generis. His reliance upon that principle is misplaced. Ejusdem generis provides that, when specific words in a statute follow general ones, the general words are construed to embrace only objects similar in nature to those enumerated by the specific words. Dolbeare, 168 N.H. at 55. Here, the enumerated activities in RSA 507-B:11 are just that: specific, enumerated activities to which the statute applies. The plain language of the statute does not demonstrate that the legislature intended the enumerated activities to illustrate some broader concept, and, therefore, ejusdem generis does not apply.

The plaintiff contends that "[i]t is difficult to accept" that a municipality may be liable under RSA 507-B:11 when a person has used a municipal facility "for the purpose of skateboarding, rollerblading, stunt biking, or rollerskiing," RSA 507-B:11, and the municipality has engaged in "gross and wanton negligence," id., but that the same municipality is not liable when a person has used a municipal facility to play tennis. The plaintiff makes this policy argument to the wrong forum as matters of policy are reserved to the legislature. Dolbeare, 168 N.H. at 57.

We have reviewed the plaintiff's remaining arguments and conclude that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993). Any issues that the plaintiff raised in his notice of appeal, but did not brief, are deemed waived. See In re Estate of King, 149 N.H. at 230.

Affirmed.

DALIANIS, C.J., and HICKS, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**