**John SPIRES, Plaintiff-Appellee,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

No. 85–2566.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 16, 1986.

Decided Oct. 23, 1986.

Designated for Publication Dec. 8, 1986.

---

Before FARRIS, HALL, and KOZINSKI, Circuit Judges.

FARRIS, Circuit Judge:

Defendant United States appeals from a judgment in favor of plaintiff John Spires in this personal injury action brought under the Federal Tort Claims Act. Spires' claim arose from a fall he suffered in the federally owned Golden Gate National Recreational Area. On September 24, 1981, while jogging along a sandy beach on an overcast and moonless night, Spires fell into a ditch at a storm sewer outfall. He was unable to see the 4 to 8 foot wide, 5 foot deep excavation. Spires broke his hip and brought suit, claiming that the Government had wilfully or maliciously failed to warn of the danger presented by the ditch. Cal. Civ.Code § 846 (West 1980).

The trial court found that the ditch was caused by flow from the storm sewer after the season's first hard rain earlier in the evening. Similar ditches formed periodically at the storm sewer's outfall, although the testimony at trial established only that ditches formed in the past were smaller and therefore less dangerous than the ditch into which Spires fell. No warnings had ever been posted about ditches along the beaches in the Recreational Area. The trial court also found that the Government knew that visitors to the Recreational Area walked and jogged along the beaches at night, often without flashlights. Spires' fall resulted in serious hip injuries, requiring surgery and considerable physical therapy.

Based on its factual findings, the trial court concluded as a matter of law that the Government (1) had constructive notice of the ditch, (2) knew of the probability of injury from the ditch, and (3) consciously failed to guard or warn against probable injury.

Roger D. Rizzo, Sedwick, Detert, Moran & Arnold, San Francisco, Cal., for plaintiff-appellee.

George Chris Stoll, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellant.

On appeal, the Government challenges several of the trial court's factual findings and the court's construction of Section 846. We review for clear error. *United States v. McConney*, 728 F.2d 1195, 1200 n. 5 (9th

Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). While we accept the trial court's findings of fact, we hold that the court clearly erred in the legal conclusions it drew from those facts.

The Federal Tort Claims Act provides for government liability on the same conditions as those provided for private persons under state law. 28 U.S.C. § 1346(b). Under California law, the government is liable as a land owner only for "willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity." Cal.Civ.Code § 846 (West 1980). We have analyzed this intentional tort standard in detail in *Rost v. United States,* 803 F.2d 448, 451 (9th Cir.1986). "The meaning assigned to wilful misconduct by the California courts is any intentional act of an unreasonable character undertaken in disregard of a known risk or a risk so obvious that the actor must be taken to have been aware of it, and so great as to make resulting harm highly probable." *Id.* (citations omitted).

The California Court of Appeals has set out three essential elements that must be present before a land owner's actions become wilful misconduct: "(1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger, and (3) conscious failure to act to avoid the peril." *Morgan v. Southern Pacific Transportation Co.,* 37 Cal.App.3d 1006, 1012, 112 Cal.Rptr. 695, 698 (1974). The trial court found that the requirements of *Morgan* were met. The Government argues that this case fails to meet the *Morgan* test as a matter of law. We agree.

To be liable for wilful or malicious failure to warn, the Government must have had actual or constructive knowledge of the peril to be apprehended and actual or constructive knowledge that injury was a probable result of that peril. The trial court's findings of fact fail to support its conclusion that the Government had actual or constructive knowledge of the ditch into which Spires fell. We recognize that the court's findings of fact estab-

lish that the Government knew of the infrequent, unpredictable occurrence of ditches smaller than the one that formed suddenly on September 24, 1981. More was required to meet the legal standard. In *Rost,* Government employees knew that the obvious peril to vehicular traffic—a forest gate bent dangerously out of shape—had existed for at least a year. *Rost,* at 450. While Spires' injury is regrettable, the demonstrated conduct of the Government fails to rise to the standard of intentional conduct under California law.

REVERSED.

KOZINSKI, Circuit Judge, concurring.

I agree with the majority's conclusion that, as a matter of law, the government's conduct does not amount to "willful or malicious failure to guard against a dangerous condition, use, structure or activity" within the meaning of California Civil Code § 846. However, I am unable to join in that portion of the opinion that relies on the majority's reasoning in *Rost v. United States,* 803 F.2d 448 (9th Cir.1986), from which I dissented.