**Dora CORYELL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. SACV 92–353–GLT.**

United States District Court, C.D. California.

June 3, 1994.

Anson D. Reynolds, Wellman & Associates, Newport Beach, CA, for plaintiff.

Sara R. Robinson, Asst. U.S. Atty., U.S. Dept. of Justice, Los Angeles, CA, for defendant.

## ORDER ON MOTION FOR RECON-SIDERATION OF SUMMARY JUDGMENT RULINGS

TAYLOR, District Judge.

In light of the Ninth Circuit's new *Ravell* opinion, the court is compelled to hold, *inter alia*, that the United States is protected from suit under California's landowner immunity statute for Plaintiff's injuries at a military air show, where an open invitation to attend the show was extended to the general public but not to plaintiff personally.

## I. *BACKGROUND*

In this Federal Tort Claims action,[1] plaintiff alleges she was seriously injured by a fall at the Miramar Naval Air Station's 1990 Air Show and Open House, when her foot slipped into a gap between two metal ramps placed for the public to walk in and out of a cargo airplane. The Air Show event had been highly publicized to the general public, and the public was invited and encouraged to attend. ·

This court first denied the government's motion for summary judgment brought on the ground of property owner immunity under California Civil Code section 846.[2] Then, this court granted plaintiff's motion for partial summary judgment, holding that section 846 does not immunize the government because plaintiff was "expressly invited." In so doing, the court held an express invitation may be extended to the general public, and no personal invitation is required. *Coryell v.*

United States, 847 F.Supp. 148 (C.D.Cal. 1994).

In April 1994, the Ninth Circuit held to the contrary in *Ravell v. United States*, 22 F.3d 960 (9th Cir.1994). Relying on a 1993 California appellate court case, the *Ravell* court held the "express invitation" exception to section 846 immunity requires a *direct, personal* invitation.

Based on *Ravell*, the government now correctly seeks reconsideration of this court's prior rulings, and a grant of summary judgment in its favor.[3]

## II. *DISCUSSION*

Based on the Ninth Circuit's new *Ravell* decision requiring a personal invitation for the "express invitation" exception, and the absence of evidence to raise a triable issue concerning the willful misconduct exception, the court grants summary judgment for defendant under California's landowner immunity statute.

### 1. *"Express Invitation" Exception.*

██ Under the Federal Tort Claims Act, as in a diversity case, the court must follow the law of the state where the act or omission complained of occurred. The court should apply the law as the state's Supreme Court would apply it. Where the state's Supreme Court has not decided the issue, the federal court must predict how the Supreme Court would rule, and may consider the rulings of state intermediate appellate courts as data in making that analysis. *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988) (applying diversity case holdings to Federal Tort Claims Act case). *See also Air–Sea Forwarders, Inc. v. Air Asia Co. Ltd.*, 880 F.2d 176, 186 (9th Cir.1989) and

1. 28 U.S.C. § 2671 et seq.

2. The Federal Tort Claims Act extends liability to the United States in the same manner and to the same extent as a private individual under state law. California Civil Code section 846 provides that a landowner who gives permission to enter or use land for a recreational purpose does not extend any assurance that the premises are safe for that purpose, or incur liability for injury to one using the land. However, section 846 provides exceptions. One is that the section does not "limit the liability which otherwise exists ...

to any persons who are expressly invited rather than merely permitted to come upon the premises by the landowner." Another is that immunity is not provided for willful or malicious failure to guard or warn against a dangerous condition.

3. Although this court's previous summary judgment rulings were in two separate motions at different times, this motion addresses them both. The parties have joined issue and fully briefed the entire matter, so all aspects of section 846 are properly before the court on this motion.

*Insurance Co. of North America v. Howard,* 679 F.2d 147, 149 (9th Cir.1982), both diversity cases.

The California Supreme Court has not ruled on the question of whether an "express invitation" under the section 846 exception must be a *personal* invitation.

In 1981 the Ninth Circuit held in *Simpson v. United States,* 652 F.2d 831, 834–5 (9th Cir.1981) that California law permits an express invitation to be made to the general public. *Simpson* cited the California Supreme Court,[4] which in turn cited a California appellate court,[5] holding that "all are invitees who are expressly invited, ... even though the invitation be not individual, but to the public generally." [6] *Simpson* noted that the Ninth Circuit's earlier statement in *Phillips v. United States,* 590 F.2d 297, 299–300 (1979), that the section 846 exception required a *personal* invitation was merely *dicta.*

However, in *Ravell v. United States,* 22 F.3d 960 (9th Cir.1994), the Ninth Circuit has now held that California law requires a *personal* invitation for a section 846 invitation, citing a California appellate court in *Johnson v. Unocal Corp.,* 21 Cal.App.4th 310, 26 Cal. Rptr.2d 148 (1993).

A sound argument can be made that *Johnson* does not hold or indicate that a personal invitation is required. *Johnson* did not even involve an invitation, but a hold-harmless permission granted by the landowner to Johnson's employer. In a terse rejection of Johnson's argument that this permission was an express invitation to him, the appellate court stated the obvious—the execution of the permission agreement is not a direct, personal invitation to Johnson. *Johnson* does not hold an invitation must be personal, but merely rejects the argument that the permission was an invitation. At most, any implication to the contrary would appear to be *dicta.*

The "express invitation" language of the statute seems unambiguous. The dictionary indicates that "express" means explicit, non-implied, specific, definite, exact, and made for or suited to a special purpose or event. An invitation to the general public may be all of these things. There is nothing in the plain language of the statute that would require an *express* invitation also be a *personal* invitation. They are simply different concepts.

In view of the clear language of the statute, and the clear statement of California law that an express invitation may be to the public, one might reasonably predict that, when the California Supreme Court interprets section 846, it will hold an express invitation does not require a personal invitation.

Nevertheless, pending clarification by the California Supreme Court, the Ninth Circuit's *Ravell* decision is controlling on this court. Under *Ravell,* this court grants summary judgment in favor of the government on the "express invitation" exception.

### 2. *"Willful Misconduct" Exception.*

 In the alternative, plaintiff argues her injury falls within a second exception in section 846 that immunity is not provided "for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity." She contends the ramp provided for public use had a dangerous gap which presented an obvious peril and was left uncorrected. The court holds this is insufficient to withstand summary judgment.

 The Ninth Circuit has treated this exception to section 846 immunity as requiring an intentional tort. *Spires v. United States,* 805 F.2d 832, 834 (9th Cir.1986). To establish willful misconduct under California law, a plaintiff must show that the defendant: (1) had actual or constructive knowledge of the peril; (2) had actual or constructive knowledge that injury was probable as opposed to possible; and (3) consciously failed to act to avoid the danger. *Mattice v. U.S.*

---

**4.** *O'Keefe v. South End Rowing Club,* 64 Cal.2d 729, 51 Cal.Rptr. 534, 414 P.2d 830 (1966).

**5.** *Borgnis v. California–Oregon Power Co.,* 84 Cal. App. 465, 258 P. 394 (1927).

**6.** *Id.* at 468, 258 P. 394.

*Dept. of Interior,* 969 F.2d 818, 822 (9th Cir.1992).

As noted in *Spires:*

We have analyzed this intentional tort standard in detail in *Rost v. United States,* 803 F.2d 448, 451 (9th Cir.1986). "The meaning assigned to wilful misconduct by the California courts is any intentional act of an unreasonable character undertaken in disregard of a known risk or a risk so obvious that the actor must be taken to have been aware of it, and so great as to make resulting harm highly probable." *Id.* (citations omitted).

*Id.* 805 F.2d at 834.

While the evidence presented here may suggest negligence, it does not rise to the level of an intentional tort. All the claims for such willful conduct that have been upheld by the Ninth Circuit involve a hidden peril (*Mattice, supra,* at 822), but the alleged peril here was open and obvious. While occurrence of prior incidents have been argued as the basis for knowledge of the danger (*Mattice, supra,* at 823; *Spires, supra,* at 834), the evidence here is there were no prior occurrence reports. No evidence establishes a question of fact regarding the government's actual or constructive knowledge of a peril, or that injury was *probable* as opposed to possible. Moreover, no evidence raises a question whether the government *consciously* failed to act to avoid the harm. Therefore, the court grants summary judgment in favor of the defendant government on plaintiff's "willful misconduct" theory.

### III. *DISPOSITION*

For the reasons stated above, the court GRANTS reconsideration of its prior summary judgment rulings, and GRANTS summary judgment in favor of the defendant United States. Within ten days defendant shall submit a proposed judgment.