Strafford
No. 2011-107

TRACY M. WALBRIDGE

v.

THE ESTATE OF RAYMOND A. BEAUDOIN, JR. & a.

Argued: June 14, 2012
Opinion Issued: July 18, 2012

*Law Office of Carl W. Potvin, P.C.*, of Rochester (*Carl W. Potvin* on the brief and orally), for the petitioner.

*The Law Offices of Gregory D. Wirth, P.L.L.C.*, of Dover (*Gregory D. Wirth* on the brief and orally), for the respondent.

## MEMORANDUM OPINION

HICKS, J. The petitioner, Tracy M. Walbridge, appeals an order of the Superior Court (*O'Neill*, J.) denying her petition to establish her homestead right exempt from the mortgage held by the respondents, the Estate of Raymond A. Beaudoin, Jr. and its co-administrators, Steven P. Beaudoin and Raymond A. Beaudoin, III. We affirm.

The superior court found the following facts. The petitioner owns property located at 15 Walbridge Court in Rochester. The petitioner and her then husband, Steven Walbridge (Walbridge), purchased this property in 2003, when it was undeveloped land. Over the next approximately two years, the petitioner and Walbridge built a home on the property. While they were building the home, they lived at 74 Charles Street in Rochester.

On December 16, 2004, the petitioner and Walbridge executed a mortgage on the Charles Street property, and the petitioner released her homestead rights to that property. On April 28, 2005, allegedly unbeknownst to the petitioner, Walbridge executed a mortgage deed and a promissory note on the Walbridge Court property in favor of the decedent,

Raymond A. Beaudoin, Jr. The deed lists Walbridge's address as the Charles Street property and states that the Walbridge Court property is not part of the homestead of the mortgagor. When the mortgage deed and promissory note were conveyed, the home on Walbridge Court was not completed and was not yet occupied. The petitioner and Walbridge did not move into the Walbridge Court home until June 4, 2005.

The petitioner and Walbridge divorced in 2009. Pursuant to their divorce decree, the petitioner was awarded all right, title, and interest in the Walbridge Court property. The property is subject to a real estate mortgage foreclosure sale by the respondent that was originally scheduled for June 17, 2010, although it has been stayed.

In May 2010, the petitioner filed a petition to establish that her homestead right to the Walbridge Court property was exempt from the respondents' mortgage. Following a hearing, the trial court ruled that because the petitioner did not actually occupy the Walbridge Court property when the mortgage and promissory deed were conveyed, her homestead right was not exempt from the respondents' mortgage. *See* RSA 480:4, :5-a (2001). This appeal followed.

On appeal, the petitioner first argues that the trial court erred as a matter of law when it found that her homestead right in the Walbridge Court property was not established until she actually, physically occupied it. She contends that her "obvious intention of present and immediate occupancy of the home . . . followed by [her] actual occupancy within a reasonable time, was equivalent to actual occupancy." We disagree.

Under RSA 480:1 (Supp. 2011), "[e]very person is entitled to $100,000 worth of his or her homestead, or of his or her interest therein, as a homestead." "The purpose of the homestead exemption is to secure to debtors and their families, the shelter of the homestead roof; not to exempt mere investments in real estate, or the rents and profits derived therefrom." *Stewart v. Bader*, 154 N.H. 75, 88 (2006) (quotation omitted). "Occupancy is essential to the existence of the homestead right." *Id.* (quotation and brackets omitted); *see Currier v. Woodward*, 62 N.H. 63, 65 (1882). "Such occupancy must be actual and physical in nature." *Bader*, 154 N.H. at 88. "The mere intention to occupy the premises as a home at some future time, without actual residency or occupancy, is insufficient to establish a homestead." *Id.*

Because "occupancy must be actual and physical in nature" to give rise to a homestead right, we conclude, as a matter of law, that the trial court did not err when it found that the petitioner's homestead right did not accrue until she actually and physically occupied the Walbridge Court

property. *Id.* Her intent to occupy the property in the future was insufficient to establish her homestead right in the property. *See id.*

The petitioner next asserts that her homestead right in the Walbridge Court property is exempt from the respondents' mortgage because the mortgage deed did not comply with RSA 480:5-a. Generally, the homestead right is exempt from attachment or encumbrance. *Id.* However, it is not exempt from "the enforcement of mortgages which are made a charge thereon according to law." RSA 480:4. In *Chase v. Ameriquest Mortgage Co.*, 155 N.H. 19, 22-23 (2007), we held that for a mortgage to be a "charge" on the homestead right "according to law," it must satisfy the requirements of RSA 480:5-a. RSA 480:5-a provides that "[n]o deed shall convey or encumber the homestead right, except a mortgage made at the time of purchase to secure payment of the purchase money, unless it is executed by the owner and wife or husband, if any, with the formalities required for the conveyance of land." In *Chase*, the plaintiff and her husband bought their home in 1996. *Chase*, 155 N.H. at 20. Several years later, the husband forged the plaintiff's name on a mortgage instrument. *Id.* We held that this mortgage instrument did not encumber the plaintiff's homestead right in the property, in part, because it did not comply with RSA 480:5-a. *Id.* at 22-23.

■ Here, by contrast, the mortgage deed was executed before the petitioner acquired her homestead right in the property. We hold that under these circumstances, RSA 480:5-a does not apply to the mortgage deed. Because the petitioner did not have a homestead right in the Walbridge Court property until after the mortgage to the respondents was conveyed, the mortgage deed did not have to comply with RSA 480:5-a in order to be a "charge" on her later-acquired homestead right "according to law." RSA 480:4.

All issues raised in the petitioner's notice of appeal, which she did not brief, are deemed waived. *In re Estate of King*, 149 N.H. 226, 230 (2003).

*Affirmed.*

DALIANIS, C.J., and CONBOY and LYNN, JJ., concurred.