NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Belknap
No. 2014-703


MARGARET DOLBEARE

v.

CITY OF LACONIA

Argued: April 9, 2015
Opinion Issued: July 15, 2015


Normandin, Cheney & O'Neil, PLLC, of Laconia (William D. Woodbury on the brief and orally), for the plaintiff.


Maggiotto & Belobrow, PLLC, of Concord (Corey Belobrow on the brief and orally), for the defendant.


DALIANIS, C.J. This is an interlocutory appeal by the defendant, the City of Laconia (City), from a decision of the Superior Court (Smukler, J.) denying its motion to dismiss negligence and nuisance claims brought by the plaintiff, Margaret Dolbeare. The trial court transferred two questions for our review:

(1) Did the trial court err in finding that the City owed Plaintiff a duty, despite RSA 212:34, II?

(2) Did the trial court err in holding that the City was not immune from suit under RSA 508:14, I, because "using playground equipment is not . . . recreation within the meaning of RSA 508:14"?

Because the parties do not argue otherwise, and for the purposes of answering the transferred questions, we assume, without deciding, that RSA 212:34, II (Supp. 2014) and RSA 508:14, I (2010) apply to municipalities. We answer both questions in the affirmative as they relate to the plaintiff's negligence claim. The plaintiff also argues that, notwithstanding either RSA 212:34, II or RSA 508:14, I, the City is liable for its alleged negligence under RSA 507-B:2 (2010). Because the trial court did not address this argument, we decline to do so in the first instance. Accordingly, we vacate the trial court's order denying the City's motion to dismiss the plaintiff's negligence claim.

To the extent that the transferred questions refer to the plaintiff's nuisance claim, we decline to answer them. See Sup. Ct. R. 8. Although the City argues that the plaintiff has failed to state a claim for nuisance, the trial court neither ruled upon that argument nor transferred a question regarding it. Because the trial court has not yet decided whether the plaintiff has stated a claim for nuisance, we decline, at this juncture, to determine whether the City would be entitled to immunity under RSA 212:34, II or RSA 508:14, I, in the event that she stated such a claim. See id.

We accept the statement of the case and facts as presented in the interlocutory appeal statement and rely upon the record for additional facts as necessary. See Lawrence v. Philip Morris USA, 164 N.H. 93, 95 (2012). The City owns and maintains Opechee Park. In May 2012, the plaintiff was enjoying the playground equipment at the park with her granddaughter. As the plaintiff approached the park swings, her foot caught under the edge of a mat. She fell and suffered injuries.

The plaintiff filed a complaint against the City, alleging negligence and nuisance claims. The City moved to dismiss, arguing that the two recreational use immunity statutes, RSA 212:34, II and RSA 508:14, I, immunized it from the plaintiff's claims. The trial court denied the City's motion. The City unsuccessfully sought reconsideration, and this interlocutory appeal followed.

Because the issues on appeal involve statutory interpretation, our review is de novo. Atwater v. Town of Plainfield, 160 N.H. 503, 507 (2010). We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. Coan v. N.H. Dep't of Env't Servs., 161 N.H. 1, 5 (2010). We first examine the language of the statute, and, when possible, ascribe the plain and ordinary meanings to the words used. Id. Statutes, such as RSA 212:34 (2010) and RSA 508:14, I, which are in derogation of the

common law right to recover, are strictly construed.  See Estate of Gordon-Couture v. Brown, 152 N.H. 265, 266-67 (2005).

We first address whether RSA 212:34, II applies to the plaintiff's negligence claim.  The parties dispute whether the use of playground equipment constitutes an "outdoor recreational activity" within the meaning of RSA 212:34, II.  RSA 212:34, II, states that, except as provided in RSA 212:34, V, a "landowner owes no duty of care to keep the premises safe for entry or use by others for outdoor recreational activity or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purposes."  (Emphasis added.)  RSA 212:34, V provides that the immunity granted by RSA 212:34, II does not apply when the landowner has given permission to use the premises for outdoor recreational activity for a charge or "[w]hen the injury suffered was caused by the intentional act of the landowner."  RSA 212:34, V(b), (d).  RSA 212:34, I(c) defines "[o]utdoor recreational activity" as "outdoor recreational pursuits including, but not limited to, hunting, fishing, trapping, camping, horseback riding, bicycling, water sports, winter sports, snowmobiling . . . , operating an OHRV . . . , hiking, ice and rock climbing or bouldering, or sightseeing upon or removing fuel wood from the premises."

The plaintiff argues that "the use of man-made attractions, such as playground equipment," does not constitute "outdoor recreational activity" under RSA 212:34, I(c).  Although she agrees that the list of activities in RSA 212:34, I(c) is not exhaustive, she asserts that "using a swing is not of the same class as those activities specifically enumerated in the statute," and, thus, is excluded from the definition of an "outdoor recreational activity" under the doctrine of ejusdem generis.  According to the plaintiff, RSA 212:34, II "clearly relieves landowners of a duty of care for the use of land only, not for injuries incurred as a result of [the] use of negligently constructed or maintained man-made attractions, such as playground equipment."

The principle of ejusdem generis provides that, when specific words in a statute follow general ones, the general words are construed to embrace only objects similar in nature to those enumerated by the specific words.  In the Matter of Hennessey-Martin & Whitney, 151 N.H. 207, 211 (2004).  We conclude that the use of playground equipment is similar in nature to the activities enumerated in RSA 212:34, I(c), and thus, hold that the use of such equipment constitutes an "outdoor recreational activity" under RSA 212:34.

The use of playground equipment is an outdoor activity, like all of the activities enumerated in RSA 212:34, I(c).  Like many of the activities listed in the statute, the use of playground equipment involves the use of man-made equipment.  See RSA 212:34, I(c) (referring to hunting, trapping, bicycling, snowmobiling, and operating an off-highway recreational vehicle).  Although the playground equipment here was supplied by the landowner, rather than

3

the user, this distinction is immaterial. On its face, the statute is not limited to outside recreational activities involving equipment provided by the user.

To the extent that the plaintiff argues that playground equipment constitutes a "structure" that is on land, as opposed to land in its natural state, we observe that the statute specifically applies to "structures." It relieves a landowner from liability for failing to warn "of hazardous . . . structures . . . on such premises to persons entering" the land for outdoor recreational purposes. RSA 212:34, II. Thus, we conclude that the use of playground equipment constitutes an "outdoor recreational activity" within the meaning of RSA 212:34, II.

We next address whether RSA 508:14, I, applies to the plaintiff's negligence claim. RSA 508:14, I, provides that an "owner, occupant, or lessee of land, including the state or any political subdivision, who without charge permits any person to use land for recreational purposes or as a spectator of recreational activity, shall not be liable for personal injury or property damage in the absence of intentionally caused injury or damage." Here, the parties have stipulated that the plaintiff was not charged for the use of the park and that the park was open to the general public.

The plaintiff argues that, even if the use of playground equipment is "recreational," it is not a "recreational activity" within the meaning of RSA 508:14, I, because it does not constitute the "use [of] land." Relying upon our decision in Coan, 161 N.H. at 5-6, the City argues that, because the plaintiff used "land" to access playground equipment, she was using "land for recreational purposes." We agree with the City that Coan is dispositive.

In that case, two boys drowned while swimming in Silver Lake, which was downstream from a dam owned by the New Hampshire Department of Environmental Services (DES). Coan, 161 N.H. at 3-4. One appeal issue was whether DES was immune from liability under RSA 508:14, I. Id. at 5. We held that, even if the word "land" pertains only to the ground and not to water, because the boys gained access to the water by using State-owned land and because their purpose was to go swimming, which the parties agreed was a recreational activity, RSA 508:14, I, applied and DES was entitled to immunity. Id. at 6.

Like the boys in Coan who used State-owned land to access the water for a recreational activity (swimming), here, the plaintiff used the City's land (the park) to access the playground for a recreational activity (using playground equipment). Although the plaintiff relies upon RSA 508:14, III to support her construction of RSA 508:14, I, we conclude that her argument does not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993). To the extent that the plaintiff relies upon public policy to support her construction of RSA 508:14, I, she makes her argument in the wrong forum, as

4

matters of public policy are reserved for the legislature.  Petition of Kilton, 156 N.H. 632, 645 (2007).

For all of the above reasons, therefore, we conclude that the trial court erred when it determined that the use of playground equipment was neither an "outdoor recreational activity" within the meaning of RSA 212:34, II, nor the "use [of] land" within the meaning of RSA 508:14, I.  Accordingly, we vacate its order denying the City's motion to dismiss the plaintiff's negligence claim and remand for further proceedings consistent with this opinion.

Vacated and remanded.

HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.