NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2016-0406


JAY KUROWSKI F/N/F CHRISTOPHER KUROWSKI

v.

TOWN OF CHESTER

Argued:  April 11, 2017
Opinion Issued:  September 21, 2017


Solomon Professional Association, of Londonderry (Peter M. Solomon on the brief and orally), for the plaintiff.


Devine, Millimet & Branch, Professional Association, of Manchester (Donald L. Smith on the brief and orally), for the defendant.


BASSETT, J.  This case arises out of an accident occurring at a pond owned by the defendant, the Town of Chester, where Christopher Kurowski suffered injuries after being struck by a person using a rope swing attached to a tree on the shore.  The plaintiff, Jay Kurowski, as father and next friend of his minor son, Christopher, appeals an order of the Superior Court (Anderson, J.) dismissing his negligence and intentional tort claims against the Town, as barred by the recreational use immunity statutes.  See RSA 212:34 (Supp. 2016); RSA 508:14 (2010).  Because we conclude that the Town is entitled to immunity under RSA 212:34, we affirm.

The following facts are found either in the plaintiff's allegations, which we accept as true for the purposes of this appeal, or in the trial court order. The Town owns and maintains the Wason Pond Conservation and Recreation Area, which includes walking paths and Wason Pond, and is open to the public free of charge. Since approximately 2012, a rope swing has been attached to a tree overhanging the pond. Neither the plaintiff nor the Town constructed or maintained the swing. People use the rope swing to fling themselves over and into the pond. Sometimes an individual swings over the water on the rope and a second person stands near the rope's path and attempts to slap the feet of the person holding the rope before that person splashes into the water.

In 2012, a Town resident told the Town Board of Selectman that he was concerned about the safety of the rope swing. The resident asked the Board to install "no swimming" signs near the swing area. During the meeting, one Board member observed that the swing was a hazard. In response to a question from the Board as to what the Town was doing with regard to the swing, the police chief reported that the practice had been for the police to take the names of individuals using the swing and list them in a report. The Board heard similar safety concerns about the swing during meetings in 2013 and 2015. At no time between 2012 and 2015 did the Town remove the swing or post signage.

On August 20, 2015, Christopher was at the pond, standing in the path of a person using the swing. While Christopher was attempting to touch the feet of the person swinging on the rope, the two collided, and Christopher was seriously injured.

The plaintiff filed a complaint against the Town on Christopher's behalf. He claimed that the Town acted negligently and willfully or intentionally by failing to remove the rope swing or post warning signs. The Town filed a motion to dismiss, arguing that the plaintiff's suit was barred by one or both of the recreational use immunity statutes — RSA 212:34 and RSA 508:14.

The trial court granted the Town's motion to dismiss. It ruled that RSA 212:34 barred both of the plaintiff's claims, and that RSA 508:14 barred the plaintiff's negligence claim. It also rejected the plaintiff's argument that it should postpone ruling on the motion to dismiss to allow discovery to proceed. The trial court denied the plaintiff's motion to reconsider. This appeal followed.

In reviewing a trial court's grant of a motion to dismiss, our task is to determine whether the allegations in the complaint are reasonably susceptible of a construction that would permit recovery. See Coan v. N.H. Dep't of Env't Servs., 161 N.H. 1, 4 (2010). We assume all facts pleaded in the complaint to be true and construe all reasonable inferences drawn from those facts in the plaintiff's favor. See id. We need not, however, assume the truth of statements

2

in the pleadings that are merely conclusions of law. Lamb v. Shaker Reg'l Sch. Dist., 168 N.H. 47, 49 (2015). We engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. See Coan, 161 N.H. at 4-5.

On appeal, the plaintiff argues that the trial court erred when it found the Town immune from suit under both recreational use statutes. Because the parties do not argue otherwise, we assume, without deciding, that both RSA 212:34 and RSA 508:14 apply to municipalities. See Dolbeare v. City of Laconia, 168 N.H. 52, 54 (2015). In addition, because we conclude that the trial court correctly ruled that, under RSA 212:34, the Town is immune from liability on all of the plaintiff's claims, we need not decide whether RSA 508:14 also immunizes the Town from liability on all or some of the plaintiff's claims. Cf. Coan, 161 N.H. at 5 (declining to address parties' arguments under RSA 212:34 because we concluded that defendant was entitled to immunity under RSA 508:14).

The plaintiff argues that the trial court erred when it: (1) found that Christopher's conduct qualified as an "outdoor recreational activity" under RSA 212:34, I(c); (2) found that, because the Town did not act willfully or intentionally, neither of the relevant exceptions to immunity under RSA 212:34, V applied; and (3) refused to postpone ruling on the motion to dismiss to allow discovery to proceed.

The resolution of these issues requires statutory interpretation; therefore, our review is de novo. Dolbeare, 168 N.H. at 54. We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. Id. We first examine the language of the statute, and, when possible, ascribe the plain and ordinary meanings to the words used. Id. Statutes such as RSA 212:34, which are in derogation of the common law right to recover, are strictly construed. Id.

RSA 212:34 provides:

II. A landowner owes no duty of care to keep the premises safe for entry or use by others for outdoor recreational activity or to give any warning of hazardous conditions, uses of, structures, or activities on such premises to persons entering for such purposes, except as provided in paragraph V.

. . . .

V. This section does not limit the liability which otherwise exists:

> (a) For willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity;
>
> . . .
>
> (d) When the injury suffered was caused by the intentional act of the landowner.

RSA 212:34, II, V(a), (d). We have found the legislative intent underlying this statute to be to "encourage private landowners to make their land available for public recreational uses by limiting their liability." Estate of Gordon-Couture v. Brown, 152 N.H. 265, 273 (2005).

The plaintiff first argues that the trial court erred when it found that Christopher was engaged in an "outdoor recreational activity," as that term is used in RSA 212:34, I(c). We disagree. RSA 212:34, I(c) defines "outdoor recreational activity" as "outdoor recreational pursuits including, but not limited to, hunting, fishing, trapping, camping, horseback riding, bicycling, water sports, winter sports, snowmobiling . . . , operating an OHRV . . . , hiking, ice and rock climbing or bouldering, or sightseeing upon or removing fuel wood from the premises." RSA 212:34, I(c) (emphasis added). By its plain terms, the statute's list of outdoor recreational activities is not exhaustive. Indeed, we have previously applied the principle of ejusdem generis to this provision and concluded that an activity not specifically enumerated — but similar in nature to the activities listed in the statute — may constitute an "outdoor recreational activity." See Dolbeare, 168 N.H. at 55-56. The principle of ejusdem generis provides that, when specific words in a statute follow general ones, the general words are construed to embrace only objects similar in nature to those enumerated by the specific words. Id. at 55.

Applying this principle here, we conclude that the activity at issue is similar in nature to the enumerated activity of "water sports." RSA 212:34, I(c). We have held that RSA 212:34 bars an action against a landowner for injuries sustained by a plaintiff who dove into a lake, striking his head on a submerged rock. See Fish v. Homestead Woolen Mills, 134 N.H. 361, 362, 366 (1991); see also Collins v. Martella, 17 F.3d 1, 2-3 (1st Cir. 1994) (noting that diving into shallow water from a dock is a "water sport" under RSA 212:34). Here, the activity at issue involved a person launching herself over and into the water — using a rope swing. Christopher was attempting to slap the feet of the person using the swing before that person hit the water. We hold that Christopher was actively engaged in an outdoor recreational pursuit sufficiently similar in nature to the enumerated activity of "water sports" to constitute an "outdoor recreational activity" under RSA 212:34, I(c).

4

In arguing for a contrary conclusion, the plaintiff asserts that Christopher's conduct does not constitute an "outdoor recreational activity" because it involved a man-made apparatus rather than a naturally occurring feature of the land. However, we have held that "outdoor recreational activity" includes not only the use of land in its natural state, but also the use of man-made equipment or structures on the land. See Dolbeare, 168 N.H. at 55-56 (holding that the use of playground equipment constituted an "outdoor recreational activity" under RSA 212:34, I(c)).

The plaintiff next argues that, because the Town did not supply or maintain the rope swing, Christopher's conduct does not constitute an "outdoor recreational activity." However, the identity of the person or entity providing the equipment or structure used in an outdoor recreational activity is immaterial. See id. at 56 (finding immaterial the fact that playground equipment used in outdoor activity was provided by landowner rather than user). Indeed, many of the enumerated outdoor recreational activities, for example, hunting, camping, hiking, bicycling, and snowmobiling, see RSA 212:34, I(c), involve the use of equipment or structures that could be owned or provided by anyone, including the landowner, a third party, or the injured party.

The plaintiff also argues that Christopher's conduct did not constitute an "outdoor recreational activity" because, in order to qualify as such an activity, it must be authorized by the landowner, and not identified as hazardous. We are not persuaded. The plain language of the statute provides no support for the plaintiff's position. In fact, the statute specifically contemplates that immunity will apply even if the activity at issue involves a known hazardous condition. See RSA 212:34, II ("A landowner owes no duty of care to keep the premises safe for entry or use by others for outdoor recreational activity or to give any warning of hazardous conditions, uses, of, structures, or activities on such premises . . . . (emphasis added)). Accordingly, we conclude that the trial court did not err when it found that the activity that Christopher was engaged in was an "outdoor recreational activity" under RSA 212:34.

The plaintiff next argues that the trial court erred when it found that his allegations were insufficient to establish that either of two statutory exceptions to recreational immunity applied to the Town. The first exception concerns a landowner's "willful" failure to guard or warn against a dangerous condition, use, structure, or activity, see RSA 212:34, V(a); the second exception concerns the landowner's "intentional" conduct, see RSA 212:34, V(d). We address each exception in turn.

The plaintiff argues that the trial court erred by finding that he had alleged insufficient facts to show that the Town's alleged conduct was willful. He asserts that, because the Town knew of the hazard posed by the swing and took no action to remove it or post warning signs, the Town "willful[ly] . . .

5

fail[ed] to guard or warn against a dangerous condition, use, structure or activity," RSA 212:34, V(a). We disagree.

RSA 212:34 does not define the word "willful," and we have never had occasion to interpret "willful" in the context of this statute. At oral argument, the plaintiff urged us to adopt the definition used by the Ninth Circuit Court of Appeals in analyzing claims under California's recreational use statute. See Spires v. United States, 805 F.2d 832, 834 (9th Cir. 1986). Under that definition, three elements must be present for the landowner's actions to constitute willful misconduct: "(1) actual or constructive knowledge of the peril to be apprehended[;] (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger[;] and (3) conscious failure to act to avoid the peril." Id. (quotation omitted). By contrast, the Town argues that we should rely upon our previous interpretation of "willful" conduct in the context of a claim for liquidated damages under RSA chapter 275, concluding that willful means "a voluntary act committed with an intent to cause its results." Ives v. Manchester Subaru, Inc., 126 N.H. 796, 801 (1985). Alternatively, the Town asserts that, even if we were to adopt the Ninth Circuit's more expansive definition of willful conduct, the Town would still prevail. We need not resolve this question of statutory interpretation because we agree with the Town that it prevails even under the Ninth Circuit's definition.

Here, even if we assume, without deciding, that the plaintiff's pleadings established elements one and three of the Ninth Circuit's definition of willful conduct, we agree with the trial court that the plaintiff did not allege sufficient facts to establish the second element — that the Town had "actual or constructive knowledge that injury [was] a probable, as opposed to a possible, result of the danger." Spires, 805 F.2d at 834 (quotation omitted; emphases added). In his complaint, the plaintiff alleged that: the Town acknowledged that the rope swing was a hazard; the hazardous nature of the rope swing was brought to the Board's attention on three separate occasions; and the Town did not warn patrons of the hazard, or otherwise take any action to abate the hazard. He claims that these allegations are sufficient to show that the Town had actual or constructive knowledge that Christopher's injuries were a probable result of the rope swing. We are not persuaded.

An allegation that a landowner knew about a particular hazard and did nothing is insufficient to establish that the landowner knew or should have known that injury would probably result from that hazard. Cf. Collins, 17 F.3d at 4-5 (holding that fact that dock was installed in shallow water was not enough to infer that defendants "consciously disregarded a probability that someone would be injured by diving from the dock"). At most, such allegations sound in negligence. See id. at 5 (concluding that evidence that landowner knew that dock was installed in shallow water, established, at most, a negligence claim). Therefore, even assuming that the Spires definition applies,

6

we conclude that the plaintiff's allegations are insufficient as a matter of law to establish that the Town acted "willfully." We find no error in the trial court's ruling on this issue.

The plaintiff next argues that the trial court erred when it found that he alleged insufficient facts to show that Christopher suffered injury as a result of the Town's intentional acts. See RSA 212:34, V(d) (providing that RSA 212:34 does not limit liability of landowners "[w]hen the injury suffered was caused by the intentional act of the landowner"). Although RSA 212:34 does not define "intentional act," see RSA 212:34, I, V, both parties argue that we should interpret "intentional act" under RSA 212:34 in the same fashion as we did when construing the Workers' Compensation Law: for a tort to be an "intentional tort" the tortfeasor must act with the knowledge that "his conduct [is] substantially certain to result in injury." Thompson v. Forest, 136 N.H. 215, 220 (1992) (citing Restatement (Second) of Torts § 870, at 280 (1979)). Because the parties agree on this definition, we assume, without deciding, that it applies here.

The plaintiff argues that the Town's conduct constituted an intentional act for the same reasons he asserts the Town's conduct was willful — because the Town acknowledged that the rope swing was a hazard, was warned about that hazard on three occasions between 2012 and 2015, did nothing to remove it, and did not post warning signs. We disagree.

The plaintiff's allegations are insufficient to demonstrate that the Town had actual or constructive knowledge that its conduct was substantially certain to result in injury. See id. ("The mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent." (quotation and brackets omitted)). At most, the plaintiff's allegations — that the Town was aware of a hazardous condition or activity and failed to act — sound in negligence. See id. (concluding that allegations that defendant disregarded a substantial risk and failed to act sound in negligence). Accordingly, we hold that the trial court did not err when it found that the plaintiff alleged insufficient facts to show that the Town's conduct was willful or intentional.

Finally, the plaintiff argues that the trial court erred when it denied the plaintiff's request to postpone ruling on the Town's motion to dismiss so that discovery could proceed. Decisions concerning pretrial discovery are within the sound discretion of the trial judge. N.H. Ball Bearings v. Jackson, 158 N.H. 421, 429 (2009). We review a trial court's rulings on the management of discovery under an unsustainable exercise of discretion standard. Id. To establish that the trial court erred, the plaintiff must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. See id.

7

The plaintiff asserts that the trial court erred when it denied his request to postpone ruling on the motion to dismiss to allow discovery because discovery on certain topics would allow him "to demonstrate that [Christopher's] injury was not just [a] possible, but [a] probable" result of the rope swing hazard. Again, we are not persuaded.

"The underlying purpose of discovery . . . is to reach the truth and to reach it as early in the process as possible by narrowing the issues pertaining to the controversy between the parties." Sawyer v. Boufford, 113 N.H. 627, 628 (1973) (emphasis added); see also Bursey v. Bursey, 145 N.H. 283, 286 (2000) (observing that the purpose of interrogatories is to "narrow the issues of the litigation and prevent unfair surprise by making evidence available in time for both parties to evaluate it and adequately prepare for trial" (quotation omitted)). Pretrial discovery is designed to enable the parties to develop evidence supporting the facts and legal claims alleged in the complaint, not to afford the plaintiff an opportunity to cure a complaint that fails, as a matter of law, to survive a motion to dismiss. See 4 G. J. MacDonald, Wiebusch on New Hampshire Civil Practice and Procedure § 22.03, at 22-6 to 22-7 (4th ed. 2014) (listing purposes of discovery, including to: facilitate preparation for trial through access to information, narrow the issues that must be tried, thereby shortening trial, avoid surprise at trial, and improve chances of settlement); cf. ERG, Inc. v. Barnes, 137 N.H. 186, 189 (1993) (stating that plaintiff must be given leave to amend "to correct perceived deficiencies [in the complaint] before an adverse judgment has preclusive effect").

The trial court found, and we agree, that the plaintiff's complaint fails, as a matter of law, to allege sufficient facts to defeat the immunity provided by RSA 212:34. Because discovery is not intended to provide the plaintiff with the opportunity to obtain additional information that might cure deficiencies in the complaint, the trial court did not err when it concluded that the plaintiff was not entitled to discovery in this case.

To the extent that the plaintiff contends that the trial court erred when it refused to allow discovery to proceed because this court "has not yet directly addressed whether the issue of statutory immunity under RSA 212:34 . . . can be determined prior to the commencement of discovery," he has not sufficiently briefed that issue to warrant our review. Accordingly, we deem that argument waived. See State v. Blackmer, 149 N.H. 47, 49 (2003).

Affirmed.

DALIANIS, C.J., and HICKS and LYNN, JJ., concurred.

8