**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0133, <u>Wayne A. Sabato & a. v. Federal National Mortgage Association</u>, the court on September 14, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Wayne A. Sabato (husband) and Cheryl A. Sabato, appeal an order of the Superior Court (<u>Temple</u>, J.) dismissing their action against the defendant, Federal National Mortgage Association (FNMA), for failure to state a claim. They contend that, pursuant to RSA 480:3-a (2013), the husband's homestead interest entitles them to occupy the premises for his lifetime and precludes their eviction, even though FNMA has foreclosed on the property and holds title to it. In reviewing the trial court's grant of a motion to dismiss, we assume the truth of the facts alleged and construe all reasonable inferences in the light most favorable to the plaintiffs. <u>Kurowski v. Town of Chester</u>, 170 N.H. 307, 310 (2017). We will uphold the granting of the motion if the facts pleaded do not constitute a basis for legal relief. <u>Id</u>.

RSA 480:1 (Supp. 2017) defines a homestead interest as a dollar amount. This is reflected in RSA 529:20-a (Supp. 2017), which concerns the payment of a homestead interest when property is levied upon. "RSA 480:3-a does not entitle the [holder of a homestead interest] to occupy the marital premises . . . ." <u>Boissonnault v. Savage</u>, 137 N.H. 229, 232-33 (1993). Instead, RSA 480:3-a, which is titled "Duration," "merely establishes the duration of the homestead right; it does not define the nature of the right itself." <u>Id</u>. at 232; <u>see</u> <u>State v. Fogg</u>, 170 N.H. 234, 236 (2017) (stating that we interpret a statute in context of overall statutory scheme, and not in isolation).

The plaintiffs attempt to distinguish <u>Boissonnault</u> because there the purchaser of a tenancy in common at a sheriff's sale petitioned to partition the property, while here, the purchaser of the entire property at foreclosure seeks to evict the plaintiffs. However, in both cases, the issue is whether a homestead interest entitled the holder to remain on the property. The plaintiffs argue that occupying the property is essential to establishing a homestead interest. <u>See</u> <u>Walbridge v. Estate of Beaudoin</u>, 163 N.H. 804, 805 (2012). However, while occupancy is necessary to establish the right to a dollar amount, this does not mean that a homestead interest allows a party to remain on the property for life.

We conclude that the plaintiffs' claim does not constitute a basis for legal relief.  See Kurowski, 170 N.H. at 310.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**