# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0509, <u>Christine John v. Festival Fun Parks, LLC</u>, the court on September 14, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Christine John, appeals a verdict in her tort action, following a jury trial in Superior Court (<u>Delker</u>, J.), in favor of the defendant, Festival Fun Parks, LLC (d/b/a Water Country). She contends that the trial court erred by: (1) denying her pre-trial motion for additional discovery; (2) denying her trial motion for additional discovery; (3) denying her motion to add certain witnesses; and (4) allowing the defendant to read to the jury portions of the trial court's order denying her pre-trial motion for additional discovery.

We first address whether the trial court erred by denying the plaintiff's pre-trial motion for additional discovery. We assume, without deciding, that this issue is preserved. Decisions concerning pretrial discovery are within the sound discretion of the trial judge. <u>Kurowski v. Town of Chester</u>, 170 N.H. 307, 315 (2017). We review a trial court's rulings on the management of discovery under an unsustainable exercise of discretion standard. <u>Id</u>. To establish that the trial court erred, the plaintiff must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of her case. <u>Id</u>.

In this case, the plaintiff alleged that, in June 2012, she tripped and fell on the plaintiff's premises due to a hole in pavement that was covered by carpeting. On September 9, 2016, the plaintiff, her expert, and her original attorney went to the site, and the defendant's representative lifted the sections of carpet that the plaintiff's team requested, but found no hole. On October 14, 2016, the trial court granted the plaintiff's attorney's motion to withdraw, which the plaintiff supported, with the condition that "[d]iscovery deadlines will not be reopened." The discovery deadline was 45 days prior to trial. On November 23, 2016, approximately three weeks before trial was scheduled, the plaintiff's new counsel moved for permission to lift additional areas of carpet, which the trial court denied on December 9, citing its previous order. The record does not reflect that the plaintiff sought reconsideration of this decision.

On December 14, 2016, the trial court <u>sua</u> <u>sponte</u> continued the trial to June 2017. On April 17, 2017, the plaintiff again moved for permission "to pull back additional sections of the . . . carpeting . . . to locate the place where [she]

fell." By order dated May 2, 2017, the trial court denied this motion, stating that "the request to pull up new areas of carpet . . . is untimely and prejudicial" and that it would "not allow the plaintiff to re-tool her case at the expense of the defendant because the initial inquiries did not prove as fruitful as hoped."

The plaintiff argues that "[a]fter the court continued [the] trial from December 2016 to June 2017, there was no good reason to deny the discovery." However, the trial court denied the plaintiff's first motion before it continued the trial, and the record does not reflect that the plaintiff raised the issue again until April 17, 2017, approximately two months before trial.

The plaintiff claims that on September 9, 2016, she was not allowed to lift the carpet "in all areas where [she] said she fell." However, in his deposition, the defendant's expert, who was present on September 9, testified that the defendant's representative lifted all the carpet that the plaintiff asked to be lifted at that time. Furthermore, the plaintiff characterizes her request for additional discovery to have been to lift carpet "where the eye witnesses said the hole was." She represents that she did not know where the eye witnesses said she fell until after September 9. At trial, the plaintiff testified that on September 9 her "team" did not request additional carpet to be lifted.

The plaintiff contends that allowing further discovery would not have prejudiced the defendant. She argues that "[a]llowing one more section of carpeting to be lifted . . . was not expensive or unduly prejudicial." However, the plaintiff's motion was not limited to a single additional section of carpet. She argues that lifting more carpet would have caused the defendant no cost or inconvenience. The trial court could have reasonably concluded otherwise. She argues that the trial court could have placed any costs upon her. However, she does not identify where in the record she made this offer to the court.

The plaintiff argues that the existence of a hole was central to her case and that the goals of discovery support allowing her to further inspect the defendant's property. However, the trial court is permitted to keep discovery within reasonable limits and avoid "open-ended fishing expeditions" to ensure that discovery contributes to the orderly dispatch of judicial business. N.H. Ball Bearings v. Jackson, 158 N.H. 421, 430 (2009). Upon this record, we conclude that the trial court's decision to deny the plaintiff's motion for additional discovery was reasonable and tenable. See Kurowski, 170 N.H. at 315.

We next address whether the trial court erred in denying the plaintiff's trial motion for additional discovery. The plaintiff contends that the defendant's opening statement opened the door, see State v. Nightingale, 160 N.H. 569, 579 (2010) (stating that opening statement can open door to otherwise inadmissible evidence), and that the doctrine of specific contradiction entitled her to additional discovery. We review the trial court's decision to deny the motion for an unsustainable exercise of discretion. Id.

The doctrine of specific contradiction applies when one party has created a misleading advantage and allows the introduction of otherwise inadmissible evidence to counter the misleading advantage. Id. In this case, the plaintiff argues that the defendant's opening statement created a misleading advantage by telling the jury that the plaintiff had an opportunity to lift any carpet she wished and not telling it that, after September 9, she had moved to have additional carpet lifted. However, in its opening, the defendant referred specifically to September 9, 2016, and the video of that day's investigation, stating, "Everybody on September 16th [sic], all the lawyers and the experts had an opportunity to rip up any area they wanted to, but chose not to." The defendant also referred to the plaintiff subsequently claiming that witnesses placed her fall in a different location. The defendant did not state or suggest that the plaintiff did not seek to lift the carpet in that different location after September 9. Furthermore, evidence that the plaintiff had moved to lift additional carpet after September 9 was not excluded. In her closing argument, the plaintiff referred to testimony that she had requested additional carpet be lifted and the defendant had objected.

The plaintiff argues that "[t]he final straw" was the fact that a piece of carpet in the area where witnesses said she fell was replaced sometime between December 2016 and the jury's view of the scene. However, she does not explain how a repair to the carpet more than four years after she fell created a misleading impression. We conclude that the trial court's determination that the defendant's opening statement did not entitle the plaintiff to lift additional carpet was reasonable and tenable. See Nightingale, 160 N.H. at 579.

We next address whether the trial court erred in granting the defendant's motion to strike eight witnesses who were minors. The trial court has broad discretion in managing and supervising pretrial discovery and in ruling on the conduct of a trial. Blagbrough Family Realty Trust v. A & T Forest Prods., 155 N.H. 29, 40 (2007). To establish that the trial court erred under this standard, the plaintiff must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of its case. Id.

In this case, the plaintiff initially sought to add the witnesses on November 28, 2016, after she acquired new counsel and approximately three weeks before trial was then scheduled. The trial court struck the witnesses, "based on the prejudice to the defendant given the late notice, closeness to trial, and need for additional depositions and discovery to explore these witnesses' statements" and the fact that the witnesses were known to the plaintiff prior to the close of discovery. After the trial court, sua sponte, continued the trial, the plaintiff again sought to add the witnesses, approximately two months before trial. The trial court denied the plaintiff's motion on the grounds that the witnesses' testimony was collateral or cumulative, the defendant would have to depose each witness and might have to re-depose other witnesses as a result, and allowing the witnesses would amount to reopening discovery.

3

The plaintiff argues that the minors were all children of disclosed witnesses and had been present when she fell. She claims that their testimony would not have been cumulative because they could have undermined the defendant's theory that their parents were lying about the existence of a hole under the carpeting. She contends that the defendant was apprised of the eight minor witnesses when one adult testified during his deposition that his son had observed the hole, but that she was unaware that the minors had seen her "on the ground." She argues that her case was compromised by her original attorney's withdrawal, which she supported. However, we conclude that the trial court could have reasonably determined that the minors' testimony would have been cumulative and that allowing them to testify would have violated the trial court's order that discovery would not be reopened. See id.

Finally, we address whether the trial court erred in allowing the defendant to read to the jury portions of its May 2, 2017 order denying the plaintiff's motion for additional discovery. On appeal, the plaintiff argues that reading the order "serv[ed] to make the court a witness against her" and "likely swayed [the jury] by the court's language that . . . paints [her] as negligent at best and devious at worst." However, the plaintiff did not object to the reading of the order during her cross-examination; instead, her counsel merely requested permission to "ask follow-up questions" regarding his multiple requests to lift additional carpet. Similarly, the plaintiff did not contemporaneously object when the defendant read the same portions of the order in its closing argument. See Broderick v. Watts, 136 N.H. 153, 167 (1992) (stating, in civil case, objection to opposing counsel's closing argument must be made during or immediately after such closing). Accordingly, we conclude that the plaintiff's argument is not preserved for our review. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).

Affirmed.

Lynn, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

4